

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535



**FILED**
**DISTRICT COURT OF GUAM**

**APR 1 8 2008**

SOUTHERN DIVISION
~~34 North Street, Suite 4053~~
~~Santa Ana, CA 92701~~
~~Clerk of Court~~

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

April 4, 2008

Clerk, United District Court
District of Guam
520 West Soledad Avenue, 4th Floor
Hagatna, GU 96910-4950

Re:  Transfer of our Civil Case No.  CV 07-7150-R (AGR)

    Case Title:  ISAGANI DE LA PENA v. S.A. HOLENCIK

Dear Sir/Madam:

    An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

                Very truly yours,

                Clerk, U.S. District Court

                By _Maria_____
                Deputy Clerk

cc:  All counsel of record

=================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

                Clerk, U.S. District Court

                By _____
                Deputy Clerk

CV-22 (01/01)      **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-07150-R-AGR
### Internal Use Only

Isagani De La Pena v. S.A. Holencik
Assigned to: Judge Manuel L. Real
Referred to: Magistrate Judge Alicia G. Rosenberg
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 10/31/2007
Date Terminated: 04/01/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Isagani De La Pena**                     represented by    **Isagani De La Pena**
                                                            REG 00944-093
                                                            Federal Correctional Institution
                                                            Victorville
                                                            P O Box 5300
                                                            Adelanto, CA 92301
                                                            PRO SE



I hereby attest and certify on 4/4/2008 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY CLERK

V.

**Respondent**

**S. A. Holencik**                         represented by    **Assistant US Attorney LA-CV**
                                                            AUSA - Office of US Attorney
                                                            Civil Division
                                                            300 N Los Angeles St, Ste 7516
                                                            Los Angeles, CA 90012
                                                            213-894-2434
                                                            Email:
                                                            USACAC.Civil@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

Case 1:00-cr-00126   Document 159   Filed 04/21/2008   Page 2 of 36

**Eric David Vandevelde**
AUSA - Office of US Attorney
312 North Spring Street
Los Angeles, CA 90012
213-894-2576
Email:
usacac.criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/04/2008 | ●11 | TRANSMITTAL of documents: original file, certified copy of order and docket sheet to District of Guam. (mp) (Entered: 04/04/2008) |
| 04/01/2008 | ●10 | ORDER by Judge Manuel L. Real transferring case to District of Guam. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.). It is therefore ORDERED that this action be transferred to the United States District Court for the District of Guam, and that the Clerk of this Court effect such transfer. It is further ORDERED that the Clerk serve copies of this Order on the parties. (mp) (Entered: 04/04/2008) |
| 03/07/2008 | ●9 | Traverse Motion in Response to Government's Motion to Dismiss Petition filed by Petitioner Isagani De La Pena. (mp) (Entered: 03/14/2008) |
| 03/06/2008 | ●8 | ORDER RE: FILING OF OPPOSITION TO MOTION TO DISMISS by Judge Alicia G. Rosenberg. The Court believes that an Opposition may be of assistance in determining this matter. Therefore, it is ordered that petitioner file an Opposition no later than April 7, 2008. Unless the Court orders otherwise, the matter will be deemed submitted on the day following the day petitioner's Opposition is due. (mp) (Entered: 03/06/2008) |
| 01/16/2008 | ●7 | NOTICE OF MOTION AND MOTION to Dismiss for Lack of Jurisdiction *Petition for Habeas Corpus* filed by Respondent S. A. Holencik. (Vandevelde, Eric) (Entered: 01/16/2008) |

| 12/24/2007 | ●6 | MEMORANDUM in Support of 28 U.S.C. 2241 Petition [1], filed by Petitioner Isagani De La Pena. (yca) (Entered: 01/16/2008) |
| --- | --- | --- |
| 12/05/2007 | ●5 | MINUTES OF IN CHAMBERS ORDER by Judge Alicia G. Rosenberg re: Petition for Writ of Habeas Corpus (2241)[1]. IT IS HEREBY ORDERED that Petitioner may file the "accompanying memorandum" referenced on Page 3 of his Petition on or before January 7, 2008. The time for Respondent to file a motion to dismiss or answer pursuant to Paragraphs 3 and 6 of the Order filed November 13, 2007, shall run from the date of service of Petitioner's accompanying memorandum unless otherwise ordred by the Court. In all respects, the provisions of the Order filed November 13, 2007, shall remain in effect. (agrcrd, ) (Entered: 12/06/2007) |
| 11/28/2007 | ●4 | NOTICE of Attorney Appearance for Respondent filed by attorney Eric David Vandevelde on behalf of Respondent S. A. Holencik (agrcrd, ) (Entered: 11/29/2007) |
| 11/13/2007 | ●3 | ORDER REQUIRING RESPONSE TO PETITION (FEDERAL CUSTODY by Judge Alicia G. Rosenberg re Petition for Writ of Habeas Corpus (2241)[1]. Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2241. In order to facilitate the just, speedy, and inexpensive determination of this action, IT IS ORDERED that within 14 days, Respondent shall serve and file a Notice of Appearance notifying the Court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served, and attornye's telephone and fax number. If respondent contends that the Petition can be decided without the Court reaching the merits of petitioner's claims, respondent shall file a motion to dismiss no later than 30 days of the date of this Order. If respondent does not contend that the Petition can be decided without the Court reaching the merits of petitioner's claims, respondent shall file and serve an Answer to the Petition no later than 45 days of the date of this Order. Petitioner shall file his Opposition to the respondent's motion to dismiss or a Reply to the Answer to Petition within thirty (30) days of the date of service thereof. (See Order for details.) (agrcrd, ) (Entered: 11/13/2007) |
| 10/31/2007 | ●2 | NOTICE OF REFERENCE TO A U.S. MAGISTRATE JUDGE. |

| | | Pursuant to the provisions of the Local Rules, the within action has been assigned to the calendar of Judge Manuel L. Real and referred to Magistrate Judge Alicia G. Rosenberg to consider preliminary matters and conduct all further matters as appropriate. The Court must be notified within 15 days of any change of address. (ghap) (Entered: 11/08/2007) |
| 10/31/2007 | ●1 | PETITION for Writ of Habeas Corpus by a Person In Federal Custody (28:2241) Case assigned to Judge Manuel L. Real and referred to Magistrate Judge Alicia G Rosenberg.(Filing fee $ 5 fee due), filed by petitioner Isagani De La Pena.(ghap) (Entered: 11/08/2007) |

I hereby attest and certify on 4/1/2008
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAGANI DE LA PENA,<br><br>Petitioner,<br><br>v.<br><br>S.A. HOLENCIK,<br><br>Respondent. | NO. CV 07-7150-R (AGR)<br><br><br>ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF GUAM |

## I.

## **SUMMARY OF PROCEEDINGS**

Petitioner is in custody at Federal Correctional Institution - Victorville in Adelanto, California, which is in the Central District of California. In 2001, a jury convicted Petitioner in the District of Guam on drug and weapons charges. (Petition, Memo at 1-2.) Petitioner was sentenced to 365 months in prison. (Petition at 2.) On February 26, 2003, the Ninth Circuit affirmed the conviction. (*Id.*) On July 7, 2005, the trial court in the District of Guam denied Petitioner's motion made pursuant to 28 U.S.C. § 2255. (*Id.*)

///

///

On October 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court in which he raised two grounds: (1) double jeopardy and (2) ineffective assistance of counsel.

On January 16, 2008, Respondent filed a motion to dismiss, arguing that the petition should be dismissed for lack of jurisdiction. On March 7, 2008, Petitioner filed a reply.

The matter is now under submission. For the reasons described below, the action must be transferred to the District of Guam.

## II.

## DISCUSSION

"[T]o determine whether jurisdiction is proper, a [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A § 2255 motion must be filed in the sentencing court. 28 U.S.C. § 2255 (a prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence"). On the other hand, a § 2241 petition must be filed in the district in which the prisoner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) ("The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255"); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

"[M]otions to contest the legality of a sentence must be filed under § 2255 . . ., while petitions that challenge the manner, location, or conditions of a

///

///

2

sentence's execution must be brought pursuant to § 2241."[1] *Hernandez*, 204 F.3d at 864 (citations omitted).

Petitioner clearly challenges the legality of the sentence imposed. In Count 3, Petitioner was convicted of distribution of methamphetamine within 1000 feet of a playground. In Count 2, he was convicted of distribution of methamphetamine. (Petition, Memo at 2-3.) In Ground One, Petitioner argues that Count 2 is a lesser included offense of Count 3, and that conviction on both counts violates double jeopardy. (*Id.* at 3.) In Ground Two, Petitioner argues that his trial counsel was ineffective for failing to object to the alleged violation of double jeopardy. (*Id.* at 5.)

Petitioner acknowledges that normally § 2255 would be the appropriate mechanism for testing the legality of his detention. (*Id.* at 3.) However, he said he couldn't properly raise the double jeopardy ground at the time of the filing of his § 2255 motion on January 23, 2004, because the case he relies on, *United States v. Perry*, 389 F. Supp. 2d 278, 285 (D.R.I. 2005), had not yet been decided. (*Id.* at 4.) Consequently, Petitioner argues that he did not have an "unobstructed procedural shot" in his original § 2255 motion and that he is "legally innocent" of the lesser included offense. (*Id.*)

Petitioner's claim that his petition comes under § 2255's savings clause is meritless. Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who
> is authorized to apply for relief by motion pursuant to this section,
> shall not be entertained if it appears that the applicant has failed to
> apply for relief, by motion, to the court which sentenced him, or that
> such court has denied him relief, unless it also appears that the

---

[1] For example, a challenge to the Parole Commission's "decision in setting [the] term of parole" would be brought by petition under § 2241. *See Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991).

3

remedy by motion is inadequate or ineffective to test the legality of his detention.

Because Petitioner has already made a § 2255 motion that was denied, this Court has jurisdiction only if Petitioner's "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000). This language in § 2255 has been labeled the "savings clause" (Hernandez, 204 F.3d at 864-65) or the "escape hatch" (Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006), cert. denied, 127 S. Ct. 1896 (2007)).

In 1997, the Ninth Circuit had not "fully explained" when the "savings clause" applied but had "recognized that it is a narrow exception." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). By 2000, the Ninth Circuit acknowledged that other circuits had held that the savings clause was available to a prisoner "who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence." Lorentsen v. Hood, 223 F.3d 950, 953-54 (9th Cir. 2000). Although Lorentsen declined to formally adopt this formulation, it nonetheless found that its petitioner would not be entitled to relief because he was not "actually innocent." Id. at 954.

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation and internal quotation marks omitted). "Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that 'no reasonable juror' would have convicted him [citation omitted]. . . . [T]he parties are not limited to the existing trial record; the issue is 'factual innocence, not mere legal insufficiency.'" Lorentsen, 223 F.3d at 954 (quoting Bousley, 523 U.S. at 623).

4

In *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir.), *cert. denied*, 540 U.S. 1051 (2003), the Ninth Circuit implicitly adopted the other circuits' formulation of the "escape hatch." *See also Stephens*, 464 F.3d at 898 ("we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim").

Petitioner has not satisfied the requirements of the savings clause. Petitioner alleges he did not have an "unobstructed procedural shot" at presenting his constitutional claims in his § 2255 motion because the law was not decided at the time of his § 2255 motion in 2004. (Petition, Memo at 4.) However, as Petitioner himself acknowledges later in his petition, this is false. (*Id.* at 5 (citing to *United States v. Kakatin*, 214 F. 3d 1049, 1051 (9th Cir.) ("We agree with Defendant, as does the government, that § 841(a) is a lesser-included offense of the crime described in § 860.") (citation omitted)), *cert. denied*, 531 U.S. 911 (2000).) The law on this issue was well-settled before Petitioner's § 2255 motion filed on January 23, 2004. (Exh. A to Vandevelde Declaration.)

Petitioner also argues he is "legally innocent" of the lesser included offense. (Petition, Memo at 4.) However, the savings clause requires he be "actually innocent." *Lorentsen*, 223 F.3d at 954. As *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) explains in the context of a procedural default,[2] "actual innocence means factual innocence, not mere legal insufficiency."[3] *Id.* at 623 (citation and internal quotation marks omitted).

---

[2] *Lorentsen* cited to *Bousley* for the definition of "actual innocence." *Lorentsen*, 223 F.3d at 954.

[3] Petitioner's citation to *In re Smith*, 285 F.3d 6 (D.C. Cir. 2002) is unavailing. First, the court found that Smith had not made a prima facie showing under § 2255 to obtain authorization to file a successive § 2255 motion. *Id.* at 7-8. Thus, the court's statement that Smith could file a § 2241 petition in a district in the Seventh Circuit was dicta and was based on the Seventh Circuit's interpretation of the § 2255 savings clause. *Id.* at 8. Second, unlike Petitioner,

Petitioner's claim is not that he was actually innocent of either charge, just that he should not have been punished for both.

Accordingly, pursuant to 28 U.S.C. § 1631, this action should be transferred to the sentencing court, the United States District Court for the District of Guam, which has jurisdiction over Petitioner's claim. *See Hernandez*, 204 F.3d at 866.

### III.

### **CONCLUSION**

It is therefore ORDERED that this action be transferred to the United States District Court for the District of Guam, and that the Clerk of this Court effect such transfer.

It is further ORDERED that the Clerk serve copies of this Order on the parties.

Dated: March 31, 2008

_____
MANUEL L. REAL
United States District Judge

Presented by:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

Smith was "actually innocent" of the charged crime because of a subsequent interpretation of the charging statute by the United States Supreme Court. *Id.* at 7, 8.

6

ISAGANI DE LA PENA
Name
00944 - 093
Prison Number
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 5300
ADELANTO, CA 92301
Address or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

FILED

2007 OCT 31 PM 5:03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. US ANGELES
BY _____

# *United States District Court*

## CENTRAL DISTRICT OF CALIFORNIA

ISAGANI DE LA PENA
Full Name (First, Middle, Last)

Petitioner,

vs.

S.A. HOLENCIK,

Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. CV/07-7150-K (AGR)
(to be supplied by the Clerk of the United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. ___✓___ a conviction
2. ___✓___ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. _____ other

**CAUTION:** If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

DOCKETED ON CM

8 2007

BY _____

Case 1:00-cr-00126 HABEAS PETITION PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY Filed 03/17/2008 Page 12 of 36  Page 1 of 5

# PETITION

(1) Place of detention: F.C.I. VICTORVILLE, ADELANTO, CA 92301

(2) Name and location of court which imposed sentence: U.S. DISTRICT COURT FOR THE TERRITORY OF GUAM

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed:
1 - 21 USC. § 841 (a)(1); 2 - SAME; 3 - 21 USC. 860; 4 - 18 USC. 922 (g)(1); 5 - SAME; DISTRICT CT- No. 00-00126 (D. GUAM)

(4) The date upon which sentence was imposed and the terms of the sentence:
OCTOBER 9, 2002 -- 365 MONTHS IMPRISONMENT

(5) What was your plea (check one):     Not guilty (✓)     Guilty ( )     Nolo contendere ( )

(6) Kind of trial (check one):     Jury (✓)     Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:     Yes (✓)     No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court: NINTH CIRCUIT COURT OF APPEALS
Grounds raised (list each):
    1) _____
    2) _____

Result/Date of result: AFFIRMED, FEBRUARY 26, 2003

~~SECOND APPEAL:~~ 28 U.S.C. 2255 MOTION
Name of court: DISTRICT COURT OF GUAM
Grounds raised (list each):
    1) VIOLATION OF RIGHT TO SPEEDY TRIAL
    2) VIOLATION OF RIGHT AGAINST SELF - INCRIMINATION
Result/Date of result: DENIED, JULY 7, 2005

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground. If necessary attach additional pages behind this page.

    **CAUTION:**    If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ GROUND ONE  POST - CONVICTION INTERPRETATION OF STATUTE HAS

RENDERED MR. DE LA PENA'S CONVICTION FOR § 860 (a) INVALID

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

> **CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

POST - CONVICTION INTERPRETATION OF STATUTE HAS MADE CLEAR
THAT COUNT 2 -- DISTRIBUTION ( 21 U.S.C. § 841 (a)(1)) AND COUNT 3
DISTRIBUTION NEAR A PLAYGROUND ( 21 U.S.C. § 860) CAN BE CHARGED
AT THE SAME TIME, BUT THE COURT MAY NOT, UNDER THE DOUBLE
JEOPARDY CLAUSE, ENTER THE TWO AS SEPERATE CONVICTION BECAUSE
§ 841 (a)(1) IS A LESSER OFFENSE OF § 860.  SEE ACCOMPANYING
                                                       MEMORANDUM

→ GROUND TWO  INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

COMPETENT COUNSEL WOULD HAVE OBJECTED TO THE ABOVE MENTIONED
COUNTS ON DOUBLE JEOPARDY GROUNDS

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )    No ( )  If your answer is no, explain why not: _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL        Level of appeal:_____
Grounds raised (list each):
       1) _____
       2) _____
Result/Date of result:_____

SECOND ADMINISTRATIVE APPEAL       Level of appeal:_____
Grounds raised (list each):
       1) _____
       2) _____
Result/Date of result_____

**THIRD ADMINISTRATIVE APPEAL**          Level of appeal:_____

Grounds raised (list each):

      1)   _____

      2)   _____

Result/Date of result:_____

**FOURTH ADMINISTRATIVE APPEAL**          Level of appeal:_____

Grounds raised (list each):

      1)   _____

      2)   _____

Result/Date of result:_____

(11)    Is the grievance process completed?    Yes ( )     No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

    Yes (✓)    No ( )

(13)    If your answer to Question #13 was yes, give the following information for *each* previous petition:

**FIRST PREVIOUS PETITION**

Name of court:_____ DISTRICT COURT OF GUAM

Nature of proceeding:_____ HABEAS # 2255

Grounds raised (list each):

      1)   MOTION TO VACATE

      2)   _____

Result/Date of result:_____ DENIED 7-7-2005

**SECOND PREVIOUS PETITION**

Name of court:_____

Nature of proceeding:_____

Grounds raised (list each):

      1)   _____

      2)   _____

Result/Date of result:_____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

    _____ PREVIOUSLY FILED # 2255

    _____

    _____

    _____

    _____

    _____

(15)  Are you presently represented by counsel?

Yes ( )          No (✓)

If so, provide your attorney's name, address, and telephone number:

_____
_____

(16)  If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( )          No (✓)

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

October 3, 2007
_____
(Date)

*Isagani Dela Peña*
_____
(Signature of Petitioner)
Isagani De La Pena/Movant
Petitioner

*Isagani dela Peña*
_____
(Signature of Attorney, if any)
Isagani De La Pena/Propria Persona

FILED
CLERK, U.S. DISTRICT COURT

OCT 31 2007

CENTRAL DISTRICT OF CALIFORNIA
BY



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NUMBER |
|---|---|---|
| **ISAGANI DE LA PENA** | | **CV07- 7150 R (AGR)** |
| | PLAINTIFF(S) | |
| V. | | |
| | | **NOTICE OF REFERENCE TO A** |
| **S. A. HOLENCIK** | | **UNITED STATES MAGISTRATE JUDGE** |
| | | **(Petition for Writ of Habeas Corpus)** |
| | DEFENDANT(S) | |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Manuel Real, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Alicia G. Rosenberg, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

November 1, 2007

By    **CSAWYER**

Date       Deputy Clerk



DOCKETED ON CM

NOV - 8 2007

BY _____ 032

CV-84 (06/07)     NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE    (Petition for Writ of Habeas Corpus)



SHERRI R. CARTER
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Thursday, November 01, 2007

**ISAGANI  DE LA PENA**
**#00944-093**
**P. O. BOX 5300**
**ADELANTO, CA 92301**

Dear Sir/Madam:

Your petition has been filed and assigned civil case number      CV07- 7150 R (AGR)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

[X] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[X] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

[X] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

CSAWYER

By: _____

Deputy Clerk

---

CV-111 (07/06)  NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Thursday, November 01, 2007

**ISAGANI DE LA PENA**
**#00944-093**
**P. O. BOX 5300**
**ADELANTO, CA 92301**

Dear Sir/Madam:

A  [X]  Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
CV07- 7150 R (AGR)

A.  [ ]  Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number                    and also assigned the civil case number

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge _____

[X] Magistrate Judge ____**Alicia G. Rosenberg**_____

at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA 90012

[ ] Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

[ ] U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

CSAWYER
By: _____
Deputy Clerk

---

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10                         WESTERN DIVISION
11
12  ISAGANI DE LA PENA,                )    No. CV 07-7150-R (AGR)
                                       )
13                  Petitioner,        )
                                       )
14          v.                         )    **ORDER REQUIRING RESPONSE TO**
                                       )    **PETITION (FEDERAL CUSTODY)**
15  S. A. HOLENCIK,                    )
                                       )
16                  Respondent.        )
17  _____)

18        Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  In
19  order to facilitate the just, speedy, and inexpensive determination of this action, **IT IS ORDERED**
20  that:

21        1.    The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of
22  this Order on respondent and the United States Attorney, or his authorized agent, in accordance
23  with Rule 4(i) of the Federal Rules of Civil Procedure; and (b) serve a copy of this Order on
24  petitioner.

25        2.    Within 14 days, Respondent shall serve and file a Notice of Appearance
26  notifying the Court of the name of the attorney who will have principal charge of the case,
27  together with the address where the attorney may be served, and the attorney's telephone
28  and fax number.

3.     If respondent contends that the Petition can be decided without the Court reaching the merits of petitioner's claims (e.g., because respondent contends that petitioner has failed to exhaust any administrative remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations), respondent shall file a motion to dismiss **no later than 30 days of the date of this Order**. The motion to dismiss shall <u>not</u> address the merits of petitioner's claims, but rather shall be confined to the basis for respondent's contention that dismissal without reaching the merits of petitioner's claims is warranted.[1]  At the time the motion to dismiss is filed, respondent shall lodge with the Court all records bearing on respondent's contention in this regard.

4.     If respondent files a motion to dismiss, petitioner shall file his opposition, if any, to the motion within thirty (30) days of the date of service thereof.[2]  At the time the opposition is filed, petitioner shall lodge with the Court any records not lodged by respondent which petitioner believes may be relevant to the Court's determination of the motion.

5.     Unless the Court orders otherwise, respondent shall <u>not</u> file a reply to petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford respondent adequate time to respond to petitioner's claims on the merits.

6.     If respondent does not contend that the Petition can be decided without the Court reaching the merits of petitioner's claims, respondent shall file and serve an Answer to the Petition **no later than 45 days of the date of this Order**.  At the time the Answer is filed, respondent shall lodge with the Court all records bearing on the merits of petitioner's claims. The Answer shall also specifically address the necessity for an evidentiary hearing to resolve any issue.

7.     Petitioner may file a single Reply responding to matters raised in the Answer within thirty (30) days of the date of service thereof.  Any Reply filed by petitioner (a) shall state whether

---

[1]     If respondent contends that petitioner has failed to exhaust any administrative remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the remedies still available to petitioner.

[2]     As used herein, "date of service" refers to the date set forth in the Certificate of Service attached to the document served.  It does <u>not</u> refer to the date the document is actually received.

2

1   petitioner admits or denies each allegation of fact contained in the Answer; (b) shall be limited to

2   facts or arguments responsive to matters raised in the Answer; and (c) shall not raise new grounds

3   for relief that were not asserted in the Petition. Grounds for relief withheld until the Reply will not

4   be considered, unless the Court grants leave to amend the Petition. No Reply shall exceed ten

5   (10) pages in length absent advance leave of Court for good cause shown.

6        8.      A request by a party for an extension of time within which to file any of the pleadings

7   required hereunder will be granted only upon a showing of good cause, and should be made in

8   advance of the due date of the pleading. Any such request shall be accompanied by a declaration

9   explaining why an extension of time is necessary and by a proposed form of order granting the

10  requested extension.

11       9.      Unless otherwise ordered by the Court, this case shall be deemed submitted on the

12  day following the date petitioner's opposition to a motion to dismiss and/or Reply is due.

13       10.     Every document delivered to the Court must include a certificate of service attesting

14  that a copy of such document was served on opposing counsel (or on the opposing party, if such

15  party is not represented by counsel). Any document delivered to the Court without a certificate

16  of service may be returned to the submitting party and without consideration by the Court.

17       11.     Respondent shall, in every pleading it files with the Court that includes exhibits, tab

18  those exhibits in such a manner that they can be readily identified and accessed by the Court. In

19  addition, respondent shall label each document lodged with the Court with the corresponding

20  number of the document indicated in the Notice of Lodgement. For example, if the Abstract of

21  Judgment is designated as the first document listed in the Notice of Lodgement, then the Abstract

22  of Judgment shall be labeled "Lodged Document No. 1", etc.

23       12.     Petitioner shall submit <u>one (1) original and one (1) copy</u> (or, if petitioner wishes to

24  receive a conformed copy, one (1) original and two (2) copies) of all documents filed with the

25  Court. The clerk will <u>not</u> make photocopies of documents except for good cause shown.

26  Petitioner is reminded that he or she must sign the original document.

27

28

3

1       13.     Petitioner shall immediately notify the Court and counsel for respondents of any

2 change of petitioner's address. If petitioner fails to keep the Court informed of where petitioner

3 may be contacted, this action will be subject to dismissal. for failure to prosecute.

4

5

6

7 DATED: November 13, 2007

8                                    ALICIA G. ROSENBERG

                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   ERIC D. VANDEVELDE (Cal. Bar No. 240699)
4  Assistant United States Attorney
        1200 United States Courthouse
5       312 North Spring Street
        Los Angeles, California  90012
6       Telephone: (213) 894-2576
        Facsimile: (213) 894-0141
7       E-mail: eric.vandevelde@usdoj.gov

8  Attorneys for Respondent
   S. A. Holencik
9

10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  ISAGANI DE LA PENA,          ) No. CV 07-7150-R (AGR)
                                 )
13          Petitioner,          ) NOTICE OF ATTORNEY APPEARANCE
                                 ) FOR RESPONDENT
14          v.                   )
                                 )
15  S. A. HOLENCIK,              )
                                 )
16          Respondent.          )
                                 )
17  ───────────────────────────

18       Pursuant to the court's order of November 13, 2007,

19  Respondent, S. A. Holencik, through his attorney of record, the

20  United States Attorney's Office for the Central District of

21  California, hereby advises the court that Assistant United States

22  Attorney ("AUSA") Eric D. Vandevelde will have principal charge

23  //

24  //

25  //

26  //

27  //

28

DOCKETED ON CM
NOV 2 9 2007
BY _____

FILED

2007 NOV 28  PM 2:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

of this matter. Contact information for AUSA Vandevelde is listed above.

Dated: November 28, 2007      Respectfully submitted,

                              THOMAS P. O'BRIEN
                              United States Attorney

                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division


                              ERIC D. VANDEVELDE
                              Assistant United States Attorney

                              Attorneys for Respondent
                              S. A. Holencik

2

**CERTIFICATE OF SERVICE**

I, **ALEX SILVERIO,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **NOTICE OF ATTORNEY APPEARANCE FOR RESPONDENT**

| | |
|---|---|
| [ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows: | [X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows: |
| [ ] By hand delivery addressed as follows: | [ ] By facsimile as follows: |
| [ ] By messenger as follows: | [ ] By federal express as follows: |

**ISAGANI DE LA PENA**
**REG. NO. 00944-093**
**FCI VICTORVILLE MEDIUM I**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O. BOX 5300**
**ADELANTO, CA 92301**

This Certificate is executed on **NOVEMBER 28, 2007,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
ALEX SILVERIO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-7150-R (AGR) | Date | December 5, 2007 |
|---|---|---|---|

| Title | Isagani de la Pena v. S. A. Holencik |
|---|---|

Present: The Honorable    Alicia G. Rosenberg, United States Magistrate Judge

| Marine Pogosyan | n/a | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:**    In Chambers   **PETITION FOR WRIT OF HABEAS CORPUS**

On October 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("Petition"). The Petition alleges two grounds for relief.

Ground One refers to an "accompanying memorandum." (Petition at 3.) However, Petitioner did not file a memorandum with his Petition.

IT IS HEREBY ORDERED that Petitioner may file the "accompanying memorandum" referenced on Page 3 of his Petition on or before *January 7, 2008.* The time for Respondent to file a motion to dismiss or answer pursuant to Paragraphs 3 and 6 of the Order filed November 13, 2007, shall run from the date of service of Petitioner's accompanying memorandum unless otherwise ordered by the Court. In all other respects, the provisions of the Order filed November 13, 2007, shall remain in effect.

cc: The Parties

| | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | mp | | |

Isagani De La Pena

Reg. No. 00944-093

Federal Correctional Institution

P.O. Box 5300

Adelanto, CA 92301



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Isagani De La Pena, | ) | C.A. No. <u>CV 07-7150-R (AGR)</u> |
| Petitioner, | ) | Cr No. 00-001261 (D.Guam) |
| vs. | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| <u>S.A. HOLENCIK</u>, Warden, | ) | 28 U.S.C. §2241 PETITION |
| Respondent. | ) | |
| | ) | |

## I.  INTRODUCTION

On October 22, 2001, Isagani De La Pena was convicted
of the following criminal offenses:

Count I -- 21 U.S.C. §841(a)(1) and 846 (conspiracy
to distribute methamphetimine).

Count II -- 21 U.S.C. §841(a)(1) (distribution of
methamphetimine).

Count III -- 21 U.S.C. §860 (distribution of
methamphetimine within 1000 feet of a playground).

Count IV -- 21 U.S.C. §841(b) -- (unlawful use of a
communication device).

Count V -- 18 U.S.C. §922(g)(1) and 924(a)(2) --

(Felon in possession of a firearm).

Count VI -- 18 U.S.C. §922(3) and §924(a)(2) (possession of firearm by an unlawful drug user).

Mr. De La Pena subsequently appealed to the United States Court of Appeals for the Ninth Circuit where his conviction and sentence were affirmed on February 26, 2003. Mr. De La Pena then submitted a motion pursuant to 28 U.S.C. §2255 which was denied on July 7, 2005. The issue presented in this habeas petition has not been previously raised.

This Petition concerns Counts II and III above. Because Count II is a lesser offense of Count III, Mr. De La Pena's conviction and sentence violate the Double Jeopardy Clause of the Constitution of the United States of America.

Post-Conviction judicial interpretation of statute, combined with ineffective assistance of trial and appellate counsel has resulted in Mr. De La Pena having never been afforded an unobstructed procedural opportunity to challenge this constitutional deficiency in his conviction and sentence.

II.                        ARGUMENT

   (A)   SIMULTANEOUS CONVICTIONS FOR DISTRIBUTION
            WITHIN 1000 FEET OF PLAYGROUND AND THE LESSER
            OFFENSE OF SIMPLE DISTRIBUTION VIOLATE THE
            DOUBLE JEOPARDY CLAUSE

Recent caselaw makes clear that Mr. De La Pena's simultaneous convictions for 21 U.S.C. 860 (distribution of methamphetimine within 1000 feet of a playground)(Count III)

and 21 U.S.C. 841(a)(1), (distribution of methamphetimine) (Count II), constitute a violation of the Double Jeopardy Clause. See United States v. Perry, 389 F.Supp.2d 278, 285 (D.R.I.2005)(Statute prohibiting knowing possession of a controlled substance with intent to distribute, §841(a)(1), is a lesser included offense of §860, the statute prohibiting possession of a controlled substance within 1000 feet of a school, and thus conviction for both offenses constitutes a violation of the Double Jeopardy Clause, and requires vacation of of conviction as to the lesser offense)(citing cases). Accord United States v. Cabbaccang, 481 F.3d 1176, 1180 (9th Cir.2007)(Cabbaccang III)(lesser-included offenses of simultaneous convictions must be vacated), (citing United States v. Rutledge, 517 US 292, 307 (1996))(one of the convictions and its concurrent sentence must be vacated).

The fact that Mr. De La Pena's convictions for Counts II and III constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause is well-settled law at this time and cannot be disputed.


(B)      28 U.S.C. §2241 IS THE PROPER VEHICLE FOR
              MR. DE LA PENA'S DOUBLE JEOPARDY CLAIM

In general, §2255 "provides the exclusive procedural mechanism" by which a federal prisoner may test the legality of his detention. However, a prisoner may proceed under §2241 if he can show that "the remedy by motion [under §2255] is inadequate or ineffective to test the legality of his detention". Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003)(Quoting 28 U.S.C. §2255 ¶5).

Mr. De La Pena, pro se, filed his initial 28 U.S.C. §2255 motion on January 23, 2004. At that time, the instructive case relied upon above, <u>United States v. Perry</u>, had not yet been published. Thus, Mr. De La Pena submits that his double jeopardy claim should be permitted to proceed under the habeas corpus statute, 28 U.S.C. §2241, pursuant to the "Savings Clause" of 28 U.S.C. §2255 ¶5. See <u>Ivy v. Pontesso</u>, 328 F.3d at 1060 ("2255 provides an 'inadequate or ineffective' remedy [and thus petitioner may proceed under 28 U.S.C. §2241, pursuant to the "savings clause"] when the petitioner claims to be: (1) legally innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim")(citing cases). (Quoting <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (2000)).

Mr De La Pena is clearly "legally innocent" of the lesser offense. He cannot now successfully file a second §2255 motion. He is procedurally barred because his claim is not based on newly discovered evidence, or a new rule of constitutional law made retroactive on collateral review as is required to file a second motion under §2255 ¶8. Courts have allowed petitions to proceed under §2241 when the defendants has "been convicted on the basis of an incorrect understanding [of the law], and §2255 relief is unavailable to him." <u>United States v. Smith</u>, 285 F.3d 6, 8 (D.C. Cir.2002)

(C)     INEFFECTIVE ASSISTANCE HAS RESULTED IN

MR. DE LA PENA NEVER HAVING AN OPPORTUNITY

TO RAISE THIS ISSUE BY MOTION

Mr De La Pena's trial counsel did not object to the aforementioned multiple convictions for a single offense, nor did his appellate counsel raise the issue on appeal. There was readily available controlling law available at the time of Mr. De La Pena's conviction and direct appeal. See <u>United States v. Kakatin</u>, 214 F.3d 1049, 1051 (9th Cir.2000)("We agree with Defendant, as does the government, that §841(a) is a lesser-included offense of the crime described in §860.")(citing <u>United States v. Freyre-Lazaro</u>, 3 F.3d 1496, 1507 (11th Cir.1993); <u>Schmuck v. United States</u>, 489 US 705, 716 (1989)).

Although the Ninth circuit case mentioned above is arguably mere dicta, and Mr. De La Pena does argue as much for the purpose of whether the double jeopardy caselaw relied upon here is actually a post-conviction judicial interpretation or not, the non-controlling cases cited in <u>Kakatin</u> are clearly not mere dicta and would have been readily available to any diligent legal researcher.

The fact that Mr. De La Pena's former counsel failed to raise the double jeopardy issue discussed above, or the separate statutory violation of multiple convictions for the possession of a single firearm that Mr. De La Pena suffered when he was convicted of both Count V (18 U.S.C. 922(g)(1) -- felon in possession) and Count VI (18 U.S.C 922(g)(3) -- possession of the same .25 caliber pistol by an unlawful drug

user), clearly falls "below an objective standard of reasonableness" that is required to show ineffective assistance of counsel. <u>Strickland v. Washington</u>, 466 US 668, 688 (1984). See <u>United States v. Shea</u>, 211 F.3d 658, 673 (1st Cir.2000)(cert denied 531 US 1154 (2001))(citing cases)("[C]ongress did not intend to inflict multiple punishments where a drug using, former felon possessed a firearm."). Accord <u>United States v. Keen</u>, 104 F.3d 1111, 1120 (9th Cir.1996).

Surely, had counsel apprised himself of the law, Mr. De La Pena would not now stand convicted of 28 U.S.C. §841(a)(1) or 18 U.S.C. §922(g)(3). See <u>People of Territory of Guam v. Torre</u>, 68 F.2d 1177, 1180 (9th Cir.1995)(district court erred in holding that defendant was not prejudiced by counsel's failure to object to multiple convictions even though sentences ran concurrent). Counsel's failure to object to the double jeopardy violation in the present case clearly shows the "reasonable probability" of different outcome required to obtain relief from counsel's unprofessional errors. <u>Strickland</u>, at 694.

The complete oversight on the part of Mr. De La Pena's counsel cannot be construed as any sort of sound strategy that could excuse the failure. See <u>Wiggins v. Smith</u>, 539 US 510, 526 (2003)("The record of the actual [] proceedings underscores the unreasonableness of counsel's conduct by suggesting their failure [] resulted from inattention, not reasoned strategic judgement."). Accord <u>Kimmelman v. Morrison</u>, 477 US 365, 385 (1986)(a mistake made out of ignorance rather than strategy cannot later be

validated as tactically defensible). Counsel's failure to
object at trial and/or raise on appeal Mr. De La Pena's
double jeopardy/multiple punishment issues is a strategy that
no reasonably competent attorney would have adopted under the
circumstances. And the result of this ineffectiveness is that
Mr. De La Pena has never had his "unobstructed procedural
shot" at challenging the unconstitutional convictions for
which he is "legally innocent".

(D)       RESENCING UNDER THE NOW ADVISORY
                GUIDELINES IS REQUIRED

The double jeopardy violation arising out of Mr. De
La Pena's conviction under both §841(a)(1) and §860 cannot be
remedied merely because his sentences were ran concurrent.
The Supreme Court has noted:

> [t]he second conviction, whose concomitant
> sentence, is served concurrently, does not
> evaporate simply because of the concurrence
> of the sentence.

Rutledge, 517 US at 302 (quoting Ball v. United States, 470
US 856, 864-65 (1985)).

Because the conviction for §841(a)(1) must be
vacated, the district court is required to resentence Mr. De
La Pena. See United States v. Kincaid, 898 F.2d 110, 112 (9th
Cir.1990)(resentencing is required after vacation of any one
of multiple convictions or sentences, even if ran
concurrently). Accord United States v. Allen, 88 F.3d 765,
768, 772 (9th Cir.1996)(same). Moreover, the United States
Sentencing Guidelines are now advisory, thus Mr. De La Pena

has a right to be resentenced under the advisory Guidelines scheme. See <u>United States v. Hicks</u>, 472 F.3d 1167, 1170 (9th Cir.2006)(Guidelines are no longer mandatory in any context, all resentencing must proceed under the advisory, rather than the mandatory, Guidelines scheme, even though the defendant was initially sentenced under the mandatory Guidelines).

III.                            CONCLUSION

Mr. De La Pena's conviction for 21 U.S.C. §841(a)(1) must be vacated and this case must be remanded to the district court of Guam for resentencing under the now advisory Guidelines.


DATED this 16th day of December ,2007


Isagani De La Pena
Petitioner/Movant
Propria Persona


Isagani De La Pena hereby declares on pain of perjury that he placed copies of the foregoing in the legal mail system at FCI-Victorville I first class or greater postage pre-paid, addressed to:


Clerk's Office

312 N. Spring St.

Los Angeles, CA 90012

U.S. Attorney's Office

312 N. Spring St., 12th Fl.

Los Angeles, CA 90012


__S.A. HOLENCIK__, Warden

Federal Correctional Institution

P.O. Box 5300

Adelanto, CA 92301


on __12-17-07___,2007


_Isagani Dela Peña_

Isagani De La Pena
Petitioner/Movant
Propria Persona

1 | THOMAS P. O'BRIEN
United States Attorney
2 | CHRISTINE C. EWELL
Assistant United States Attorney
3 | Chief, Criminal Division
ERIC D. VANDEVELDE (Cal. Bar No. 240699)
4 | Assistant United States Attorney
General Crimes Section
5 |     1200 United States Courthouse
    312 North Spring Street
6 |     Los Angeles, California 90012
    Telephone: (213) 894-2576
7 |     Facsimile: (213) 894-0141
    E-mail:   eric.vandevelde@usdoj.gov
8 |
Attorneys for Respondent
9 | S. A. Holencik

10

               UNITED STATES DISTRICT COURT
11

        FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13 | ISAGANI DE LA PENA,       )  No. CV 07-7150-R (AGR)
                       )
14 |         Petitioner.   )  <u>GOVERNMENT'S MOTION TO DISMISS</u>
                       )  <u>PETITION FOR WRIT OF HABEAS</u>
15 |         v.         )  <u>CORPUS PURSUANT TO 28 U.S.C.</u>
                       )  <u>§ 2241; DECLARATION OF ERIC D.</u>
16 | S. A. HOLENCIK,       )  <u>VANDEVELDE; EXHIBITS</u>
                       )
17 |         Respondent.   )
                       )
18

19 |      Respondent, S. A. Holencik, through his attorney of record,
20 | the United States Attorney for the Central District of
21 | California, hereby respectfully moves to dismiss petitioner's
22 | petition for writ of habeas corpus under 28 U.S.C. § 2241. This
23 | motion is based upon the attached memorandum of points and
24 | //
25 | //
26 | //
27 | //
28 | //

authorities, the records and file in this case, the accompanying

Declaration of Eric D. Vandevelde and exhibits attached thereto,

and such other evidence as may be presented to this Court.

Dated: January 16, 2008          Respectfully submitted,


                                 THOMAS P. O'BRIEN
                                 United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division



                                     /s/
                                 _____
                                 ERIC D. VANDEVELDE
                                 Assistant United States Attorney

                                 Attorneys for Respondent
                                 S. A. Holencik

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In May 2001, a jury sitting in the District of Guam convicted petitioner Isagani De La Pena ("petitioner") on all counts of a six-count indictment.  The court sentenced petitioner to six concurrent terms of imprisonment, three of which were 365 months in length.  Petitioner appealed directly and later filed a motion under 28 U.S.C. § 2255 in the District of Guam.  Neither were successful.

Now incarcerated in the Central District of California, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), wherein he attacks the legality of two counts of conviction -- i.e., distribution of methamphetamine and possession of a firearm by a felon.  First, he contends that these offenses are lesser included offenses of two other counts of conviction -- i.e., distribution of methamphetamine near a school and possession of a firearm by an unlawful drug user.  Second, he contends that he was denied the effective assistance of counsel due to counsel's failure to object to any conviction on a lesser included offense.

The instant Petition should be dismissed for lack of jurisdiction.  Petitioner challenges the validity of his convictions and sentence, not the manner in which his sentence is being executed.  These claims are not properly before this Court on a motion under § 2241; rather, they must be raised on a motion under § 2255.  And the law is clear that the proper venue for a § 2255 motion lies not in the district of incarceration (i.e., this district), but rather the district in which petitioner was

3

convicted and sentenced (i.e., the District of Guam).  Moreover, while the "savings clause" of § 2255 permits federal prisoners to resort to § 2241 in the district of incarceration if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention," petitioner cannot show that the savings clause applies here.  He is not "actually innocent" of any lesser included offense; nor can he claim never to have had an "unobstructed procedural shot" to challenge his conviction on such an offense.

Accordingly, this Court should dismiss the Petition for lack of jurisdiction.

II.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

A.  **Conviction in the District of Guam**

On November 1, 2000, petitioner was charged by indictment with the following six counts:

(1)  conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1);

(2)  distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1);

(3)  distribution of methamphetamine near a school, in violation of 21 U.S.C. § 860;

(4)  unlawful use of a communication facility to facilitate a drug crime, in violation of 21 U.S.C. § 843(b);

(5)  possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1); and

(6)  possession of a firearm by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3).

See Decl. of Eric D. Vandevelde, Ex. A (criminal docket from

4

1 <u>United States v. De La Pena</u>, No. CR 00-126 (D. Guam)) at Docket
2 Item No. 1.

3     On May 7, 2001, after a seven day jury trial, a jury
4 convicted petitioner on all counts.  <u>See Id.</u> at Docket Item No.
5 97.

6     On October 9, 2001, petitioner was sentenced to 365 months
7 imprisonment for each of Counts 1-3, 48 months imprisonment for
8 Count 4, and 120 months imprisonment for each of Counts 5-6.  <u>See</u>
9 <u>Id.</u> at 2 & Docket Item No. 114.  All terms of imprisonment were
10 ordered to run concurrently.

11     **B.   Direct Appeal**

12     On November 7, 2001, petitioner filed a notice of appeal.
13 <u>Id.</u> at Docket Item No. 119.  Petitioner challenged the
14 introduction at trial of expert urinalysis testimony, as well as
15 physical evidence obtained from searches of petitioner's house
16 and car.  <u>United States v. De La Pena</u>, 62 Fed. Appx. 754, 755-56
17 (9th Cir. 2003) (unpublished).  He also argued that the
18 prosecution had failed to present sufficient evidence to support
19 a conviction on the conspiracy charge, that his sentence was
20 unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466
21 (2000), and that the district court should have declared a
22 mistrial.  <u>De La Pena</u>, 62 Fed. Appx. at 756-57.  On February 26,
23 2003, the Ninth Circuit affirmed defendant's convictions and
24 sentence in all respects.  <u>Id.</u> at 755-57.

25     **C.   Post-Appeal Collateral Attacks**

26     On January 23, 2004, petitioner filed in the District of
27 Guam a motion under 28 U.S.C. § 2255 to vacate, set aside, or
28 correct his sentence.  <u>See</u> Decl. of Eric D. Vandevelde, Ex. A at

Docket Item No. 138. According to the form accompanying the instant Petition, petitioner states that this first § 2255 motion alleged violations of the Speedy Trial Act as well as petitioner's Fifth Amendment privilege against self-incrimination. On July 7, 2005, the district court denied petitioner's motion. <u>Id.</u> at Docket Item No. 147.

On August 15, 2005, petitioner filed a notice of appeal and motion for certificate of appealability regarding the denial of his § 2255 motion. <u>See Id.</u> at Docket Item No. 148. On March 23, 2006, petitioner filed a motion for "Accelerated Adjudication" of his earlier motion for certificate of appealability. <u>See Id.</u> at Docket Item No. 150. On March 31, 2006, the district court denied both motions. <u>See Id.</u> at Docket Item No. 152; <u>see also</u> <u>United States v. De La Pena</u>, No. CR 00-00126, 2006 WL 860719 (D. Guam Mar. 31, 2006). On October 10, 2006, the Ninth Circuit also denied petitioner's request for a certificate of appealability. <u>See</u> Decl. of Eric D. Vandevelde, Ex. A at Docket Item No. 155.

**D.    Instant Petition**

On October 31, 2007, petitioner filed the instant Petition under 28 U.S.C. § 2241 in the Central District of California. Petitioner presents essentially one argument -- that he was improperly convicted of two lesser included offenses. Specifically, he contends that:

    1)    Count 2, distribution of methamphetamine (21 U.S.C. §
            841(a)(1)), is a lesser included offense of Count 3,
            distribution of methamphetamine near a school (21
            U.S.C. § 860);

//

6

2) Count 5, possession of a firearm by a felon (18 U.S.C. § 922(g)(1)), is a lesser included offense of Count 6, possession of a firearm by an unlawful drug user (18 U.S.C. § 922(g)(3)); and

3) competent counsel would have objected to any conviction on a lesser included offense.

## III. ARGUMENT

### A. The Petition Must Be Dismissed Because It Attacks Petitioner's Conviction and Sentence, And § 2255 Is The Proper Vehicle For Such Attacks.

Petitioner seeks to challenge not the manner in which his sentence is being executed, but rather the validity of his convictions and sentence.

It is well settled that a motion under § 2255 is the primary avenue for federal prisoners to attack their sentences and underlying convictions:

> An application for a writ of habeas corpus [under 28 U.S.C. § 2241] in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, <u>shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief</u> . . . .

28 U.S.C. § 2255 ¶ 5 (emphasis added); <u>see also Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.")

7

A habeas petition under § 2241, by contrast, is designed to "challenge the manner, location, or conditions of a sentence's execution . . . ." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Here, petitioner is challenging the validity of his convictions and sentence. Thus, his Petition is properly construed as a motion filed pursuant to 28 U.S.C. § 2255.

A motion under § 2255, however, must be brought before the court in the sentencing district. Hernandez, 204 F.3d at 865. Because petitioner was convicted and sentenced in the District of Guam, his Petition is not properly before the Central District of California and therefore should be dismissed for lack of jurisdiction.

**B.  Petitioner Has Not Shown That § 2255's "Savings Clause" Applies.**

While petitions filed under § 2241 are generally not proper to challenge a conviction or sentence, Congress has recognized that there could be some rare instances in which it would be appropriate to allow a district court to exercise its residual power under § 2241 to hear claims of federal prisoners challenging their convictions or sentences. Accordingly, Congress built into § 2255 a "savings clause" that permits federal prisoners to resort to § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention." 28 U.S.C. § 2255 ¶ 5; see also United States v. Hayman, 342 U.S. 205, 219 (1952) (affirming the validity of the "savings clause"). The savings clause, however, is to be construed narrowly. See United States

8

v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). The burden is on the petitioner to show that the remedy under § 2255 is "inadequate or ineffective." See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Thus, when a federal inmate files a petition that is labeled as being brought pursuant to § 2241, but that actually seeks to attack the legality of his conviction or sentence, the district court must first determine whether it has jurisdiction to entertain the petition by conducting an inquiry into whether the petition falls within the savings clause or whether it properly should be construed as a § 2255 motion. Hernandez, 204 F.3d at 865.

In construing an inmate's filing, a district court is not bound by the label given the petition and must look instead to its substance. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (examining gravamen of defendant's claims to determine whether they should have been brought pursuant to § 2241 or § 2255). The Ninth Circuit has explained that § 2255's savings clause has been reserved for the rare case in which (1) a defendant lacks an "unobstructed procedural shot" to present a claim that (2) he is "actually innocent" of the convicted offense. See Ivy, 328 F.3d at 1059-61 (emphasis added); Lorentsen, 223 F.3d at 954.

Here, petitioner already had the opportunity to challenge his convictions and sentence on the grounds identified in the instant Petition. Moreover, even assuming he never had that opportunity, petitioner's challenge is not that he is actually //

9

innocent of any of the counts of conviction. Thus, the savings clause does not apply.

### 1. Petitioner Had The Opportunity To Challenge His Convictions Of Any Lesser Included Offenses

Petitioner claims that, at the time he filed his first § 2255 motion (January 2004), he could not have challenged his conviction for distribution of methamphetamine as a lesser included offense of distribution of methamphetamine near a school. He contends that such a challenge became possible only after the District of Rhode Island decision in <u>United States v. Perry</u>, 389 F.Supp.2d 278 (2005) (holding that 21 U.S.C. § 860 includes the lesser offense of 21 U.S.C. § 841(a)(1)). Petitioner's contention that he never had an "unobstructed procedural shot" to make this argument is not true. Indeed, in addition to citing <u>Perry</u>, petitioner goes on to cite earlier Ninth Circuit authority for the same proposition. Specifically, he cites <u>United States v. Kakatin</u>, 214 F.3d 1049, 1051 (9th Cir. 2000) (likewise holding that § 860 includes the lesser offense of § 841(a)(1)). <u>Kakatin</u> was decided **before** petitioner filed his first § 2255 motion, and indeed, **before** defendant was even indicted. Thus, petitioner did have an "unobstructed procedural shot" to challenge his conviction on any lesser included offense.[1/]

_____

[1/] Petitioner cites no authority holding that Count 5, possession of a firearm by a felon (18 U.S.C. § 922(g)(1)), is a lesser included offense of Count 6, possession of a firearm by an unlawful drug user (18 U.S.C. § 922(g)(3)). While separate convictions under different subsections of § 922(g) for the same conduct are improper, the case law so holding likewise pre-dates

10

## 2. Petitioner Does Not Claim "Actual Innocence."

To fall within § 2255's savings clause, petitioner's claim must be one that he is actually innocent of the convicted offense. See Ivy, 328 F.3d at 1059-61 (emphasis added); Lorentsen, 223 F.3d at 954; see also Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restriction on the filing of second or successive habeas petitions."). A habeas petitioner bears the burden of demonstrating his "actual innocence" by a preponderance of the evidence. Lorentsen, 223 F.3d at 954.

Here, petitioner does not argue that he is "actually innocent" of any lesser included offense for which he was convicted. "'[A]ctual innocence' means **factual innocence**, not mere legal insufficiency," Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasis added), and petitioner does not identify any evidence to show he is factually innocent of his conviction for distribution of methamphetamine. Rather, his sole argument, a legal one, is that he is "legally innocent" of any lesser included offense. Petition at 4. Such a claim, however, is not one of actual innocence. Thus, for example, although

---

defendant's convictions. See, e.g., United States v. Shea, 211 F.3d 658, 673 (1st Cir. 2000); United States v. Dunford, 148 F.3d 385, 389 (4th Cir. 1998); United States v. Winchester, 916 F.2d 601, 606 (11th Cir. 1990); United States v. Munoz-Romo, 989 F.2d 757, 759 (5th Cir. 1993); United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997). Thus, defendant already had a procedural shot to present such a claim.

10

§ 841(a)(1) may be, in fact, a lesser included offense of § 860, petitioner does not argue that he did not commit that offense or that that offense is no longer a crime. See Poindexter v. Nash, 333 F.3d 372, 381-382 (2d Cir. 2003); see also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

As such, petitioner has failed to show that his Petition falls within the savings clause of § 2255.

**IV.  CONCLUSION**

For the reasons noted above, the Petition should be dismissed in its entirety for lack of jurisdiction.[2/] If this Court denies the government's motion to dismiss, the government respectfully requests that the Court permit the government to submit further briefing on the merits of petitioner's claims.

Dated: January 16, 2008          Respectfully submitted,

                                 THOMAS P. O'BRIEN
                                 United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 ____/s/_____
                                 ERIC D. VANDEVELDE
                                 Assistant United States Attorney

                                 Attorneys for Respondent
                                 S. A. Holencik

---

[2/]  If Petitioner seeks to pursue this Petition in the District of Guam, he will first need to obtain a certificate of appealability.  See Fed. R. App. P. 22(b).

# DECLARATION OF ERIC D. VANDEVELDE

I, ERIC D. VANDEVELDE, declare as follows:

1.   I have personal knowledge of the following facts.  If called and sworn as a witness, I could and would competently testify to these facts.

2.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California.  I have been designated as counsel in the matter entitled <u>Isagani De Le Pena v. S. A. Holencik</u>, No. CV 07-7150-R (AGR).  This declaration is made in support of the government's motion to dismiss.

3.   Attached hereto as Exhibit A is a true and correct copy of the criminal docket, as of January 9, 2008, in <u>United States v. De La Pena</u>, No. CR 00-126, from the District of Guam.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at Los Angeles, California, on January 16, 2008.

ERIC D. VANDEVELDE
Assistant United States Attorney

# Exhibit A

CLOSED

Civil/Criminal CM/ECF System
District Court of Guam (Hagatna)
**CRIMINAL DOCKET FOR CASE #: 1:00-cr-00126 All Defendants**

Case title: USA v. Dela Pena

Date Filed: 11/01/2000
Date Terminated: 10/22/2001

Assigned to: John S. Unpingco

**Defendant**

**Isagani P. Dela Pena, JR.** (1)
*TERMINATED: 10/22/2001*
*also known as*
Gani (1)
*TERMINATED: 10/22/2001*
*also known as*
Egan (1)
*TERMINATED: 10/22/2001*

represented by **Curtis Charles Van de veld**
The Vandeveld Law Offices, P.C.
Second Floor, Historical Bldg.
123 Hernan Cortes Avenue
Hagatna, GU 96910
671-477-2020
Fax: 671-472-2561
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Gerald E. Gray**
Attorney At Law
213 Buena Vista Avenue
Suite 202
Dededo, GU 96929-
671-637-9620/1
Fax: 671-637-9660
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Jehan'ad G. Martinez**
Blair Sterling Johnson
Martinez and Leon Guerrero, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagatna, GU 96910-5205
671-477-7857
Fax: 671-472-4290
Email: jgmartinez@kbsjlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Rawlen M.T. Mantanona**
Cabot Mantanona LLP
BankPacific Building, Second Floor
825 South Marine Corps Drive
Tamuning, GU 96913
671-646-2001
Fax: 671-646-0777
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Case 1:00-cr-00126   Document 169-2   Filed 04/23/2008   Page 15 of 34

Designation: *CJA Appointment*

**Sandra Darlene Lynch**
Attorney At Law
1628 Aloha Avenue
Pearl City, HI 96782-
808-393-1779
Fax: 808-456-4708
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

**William C. Bischoff**
Office of the Attorney General
120 W. O'Brien Drive
Hagatna, GU 96910
671-475-3324
Fax: 671-472-2493
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: *CJA Appointment*

| Pending Counts | Disposition |
|---|---|
| CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE (1) | Defendant shall serve a term of 365 months for Counts 1, 2, and 3. For Count 4, defendant shall serve a term of 48 months and for Counts 5 and 6, the defendant shall serve a term of 120 months. All these terms of imprisonment are to be served concurr ently. |
| DISTRIBUTION OF METHAMPHETAMINE HYDROCHLORIDE (2) | Defendant shall serve a term of 365 months for Counts 1, 2, and 3. For Count 4, defendant shall serve a term of 48 months and for Counts 5 and 6, the defendant shall serve a term of 120 months. All these terms of imprisonment are to be served concurr ently. |
| DISTRIBUTION OF METHAMPHETAMINE HYDROCHLORIDE NEAR A PLAYGROUND (3) | Defendant shall serve a term of 365 months for Counts 1, 2, and 3. For Count 4, defendant shall serve a term of 48 months and for Counts 5 and 6, the defendant shall serve a term of 120 months. All these terms of imprisonment are to be served concurr ently. |
| UNLAWFUL USE OF COMMUNICATION FACILITY TO FACILITATE DRUG CRIME (4) | Defendant shall serve a term of 365 months for Counts 1, 2, and 3. For Count 4, defendant shall serve a term of 48 months and for Counts 5 and 6, the defendant shall serve a term of 120 months. All these terms of imprisonment are to be served concurr ently. |
| POSSESSION OF A FIREARM BY A FELON (5) | Defendant shall serve a term of 365 months for Counts 1, 2, and 3. For Count 4, defendant shall serve a term of 48 months and for Counts 5 and 6, the defendant shall serve a term of 120 months. All these terms of imprisonment are to be served concurr ently. |
| POSSESSION OF A FIREARM BY AN UNLAWFUL DRUG USER (6) | Defendant shall serve a term of 365 months for Counts 1, 2, and 3. For Count 4, defendant shall serve a term of 48 months and for Counts 5 and 6, the defendant shall serve a term of 120 |

months. All these terms of imprisonment are to
be served concurr ently.

**Highest Offense Level (Opening)**
Felony

**Terminated Counts**                                           **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                                 **Disposition**
None

**Plaintiff**
USA                                          represented by  **Marivic P. David**
                                                            Office of the U.S. Attorney
                                                            Suite 500, Sirena Plaza
                                                            108 Hernan Cortez Street
                                                            Hagatna, GU 96910
                                                            671-472-7332/72
                                                            Fax: 671-472-7334
                                                            Email: marivic.david@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2000 | 1 | INDICTMENT - Summons issd & hrg set for 11/09/00 at 9:30 a.m.; [RMM EOD 11/02/2000] (ORIGINAL GCMS ENTRY 1-1) (cnv) (Entered: 11/01/2000) |
| 11/03/2000 | 2 | APPLICATION & Ord to Seal Rec; [RMM EOD 11/06/2000] (ORIGINAL GCMS ENTRY 2-1) (cnv) (Entered: 11/03/2000) |
| 11/09/2000 | 3 | MINUTE ENTRY - Initial Appearance/Arraignment - DFT enters plea of Not Guilty. Trial set for 01/11/01 - 9:30 a.m. DFT remanded to custody of U.S. Marshals; [MBA EOD 11/13/2000] (ORIGINAL GCMS ENTRY 3-1) (cnv) (Entered: 11/09/2000) |
| 11/13/2000 | 4 | ORDER - Jehan'ad Martinez apptd to rep t/DFT; [MBA EOD 11/13/2000] (ORIGINAL GCMS ENTRY 4-1) (cnv) (Entered: 11/13/2000) |
| 11/13/2000 | 5 | ORDER - Trial set for 01/11/01 - 9:30 a.m. P/T mtns due NLT 11/30/00 & hrd on 12/21/00 - 1:30 p.m. Trial docs due NLT 01/04/01; [MBA EOD 11/13/2000] (ORIGINAL GCMS ENTRY 5-1) (cnv) (Entered: 11/13/2000) |
| 11/17/2000 | 6 | RETURN Of Summons In A Crim Case - exec 11/09/00; [RSN EOD 11/17/2000] (ORIGINAL GCMS ENTRY 6-1) (cnv) (Entered: 11/17/2000) |
| 11/20/2000 | 7 | SUBSTITUTION of Cnsl & Ord - Gerald E. Gray retained as cnsl of rec for DFT; [MBA EOD 11/20/2000] (ORIGINAL GCMS ENTRY 7-1) (cnv) (Entered: 11/20/2000) |
| 11/30/2000 | 8 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 8-1) (cnv) (Entered: 11/30/2000) |

| 11/30/2000 | 10 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 9-1) (cnv) (Entered: 11/30/2000) |
|---|---|---|
| 11/30/2000 | 12 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 10-1) (cnv) (Entered: 11/30/2000) |
| 11/30/2000 | 14 | NOTICE of Mtn and; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 11-1) (cnv) (Entered: 11/30/2000) |
| 11/30/2000 | 16 | AFFIDAVIT in Supt of Mtn for Return of Property ; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 12-1) (cnv) (Entered: 11/30/2000) |
| 12/01/2000 | 9 | MOTION for Discovery & Inspection - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 8-2) (cnv) (Entered: 12/01/2000) |
| 12/01/2000 | 11 | MOTION for Statement of Govt's Intention to Use Evidence - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 9-2) (cnv) (Entered: 12/01/2000) |
| 12/01/2000 | 13 | MOTION to Suppress - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 10-2) (cnv) (Entered: 12/01/2000) |
| 12/01/2000 | 15 | MOTION for Return of Property - Hrg set for 12/21/00 - 1:30 p.m.; [MBA EOD 12/01/2000] (ORIGINAL GCMS ENTRY 11-2) (cnv) (Entered: 12/01/2000) |
| 12/04/2000 | 17 | NOTICE of Mtn; [MBA EOD 12/06/2000] (ORIGINAL GCMS ENTRY 13-1) (cnv) (Entered: 12/04/2000) |
| 12/04/2000 | 18 | MOTION for P/T Conf -; [MBA EOD 12/06/2000] (ORIGINAL GCMS ENTRY 13-2) (cnv) (Entered: 12/04/2000) |
| 12/14/2000 | 19 | STIPULATED Reqt for Cont of Mtns Hrg Date; [MBA EOD 12/14/2000] (ORIGINAL GCMS ENTRY 14-1) (cnv) (Entered: 12/14/2000) |
| 12/18/2000 | 20 | ORDER re rescheduling of p/t mtns hrg date. Mtns hrg resched to 01/19/01 - 1:30 p.m.; [MBA EOD 12/19/2000] (ORIGINAL GCMS ENTRY 15-1) (cnv) (Entered: 12/18/2000) |
| 12/20/2000 | 21 | SUPERSEDING Indict - Sumns issd. Hrg set for 12/22/00 - 10:00 a.m.; [MBA EOD 12/20/2000] (ORIGINAL GCMS ENTRY 16-1) (cnv) (Entered: 12/20/2000) |
| 12/22/2000 | 22 | MINUTE ENTRY - Initial Appearance re Superseding Indictment - DFT enters plea of Not Guilty. Trial set for 01/11/01 - 9:30 a.m. DFT remanded to custody of U.S. Marshals; [MBA EOD 12/26/2000] (ORIGINAL GCMS ENTRY 17-1) (cnv) (Entered: 12/22/2000) |
| 12/27/2000 | 23 | STIPULATION for continuance of trial and order. Trial is now set for 2/8/01 at 9:30 a.m. ; Filed by: DFT Sealed [PTC EOD 01/03/2001] (ORIGINAL GCMS ENTRY 18-1) (cnv) (Entered: 12/27/2000) |
| 01/17/2001 | 24 | GOVERNMENT'S Response to DFT's Mtn to Suppress; [MBA EOD 01/18/2001] (ORIGINAL GCMS ENTRY 19-1) (cnv) (Entered: 01/17/2001) |
| 01/17/2001 | 25 | GOVERNMENT'S Response to DFT's Mtns for Discovery & Inspection; & for Statement of Govt's Intention to Use Evidence; [MBA EOD 01/18/2001] (ORIGINAL GCMS ENTRY 20-1) (cnv) (Entered: 01/17/2001) |
| 01/17/2001 | 26 | GOVERNMENT'S Response to DFT's Mtn for Return of Property; [MBA EOD 01/18/2001] (ORIGINAL GCMS ENTRY 21-1) (cnv) (Entered: 01/17/2001) |
| 01/19/2001 | 27 | STIPULATION for Cont of Mtn for Discovery & Inspection; Mtn for Statement of Govt's Intention to Use Evidence; Mtn to Suppress; and Mtn for Return of Property; & Ord - Mtns reset to 02/01/01 - 2:00 p.m. ; [MBA EOD 01/19/2001] (ORIGINAL GCMS ENTRY 22-1) (cnv) (Entered: 01/19/2001) |

| 01/26/2001 | 28 | RETURN of Sumns in a Cr Cs - Exec 12/21/00; [MBA EOD 01/26/2001] (ORIGINAL GCMS ENTRY 23-1) (cnv) (Entered: 01/26/2001) |
|---|---|---|
| 01/31/2001 | 29 | STIPULATION to Ext Deadline for Flg Pre-Trial Mot & Mot Hrg; and to Cont Pending Mot for Disc & Inspection; Mot for Statement of Govt's Intention to Use Evidence; Mot to Suppress; and Mot for Ret of Property; & Ord. Pretrial mot ext to 02/16/01. Pretrial mot reset to Thurs, 02/22/01 at 3:30 p.m.; [RSN EOD 02/01/2001] (ORIGINAL GCMS ENTRY 24-1) (cnv) (Entered: 01/31/2001) |
| 01/31/2001 | 30 | STIPULATION for Cont of Trial & Ord. Trial set for 02/08/01 cont'd to 03/08/01 at 9:30 a.m.; [RSN EOD 02/01/2001] (ORIGINAL GCMS ENTRY 25-1) (cnv) (Entered: 01/31/2001) |
| 01/31/2001 | 31 | SUPERSEDING Indict. Sumns issd. Hrg set for 02/05/01 at 1:30 p.m.; [RSN EOD 02/01/2001] (ORIGINAL GCMS ENTRY 26-1) (cnv) (Entered: 01/31/2001) |
| 02/05/2001 | 32 | MINUTE ENTRY - Arraignment - DFT enters plea of Not Guilty on Superseding Indict. Trial set for 03/08/01 - 9:30 a.m. Cs unsealed. DFT remanded to custody of U.S. Marshals; [MBA EOD 02/06/2001] (ORIGINAL GCMS ENTRY 27-1) (cnv) (Entered: 02/05/2001) |
| 02/06/2001 | 33 | MOTION & Ord to Unseal Rec; [MBA EOD 02/06/2001] (ORIGINAL GCMS ENTRY 28-1) (cnv) (Entered: 02/06/2001) |
| 02/14/2001 | 34 | RETURN of sumns in a Cr Cs - Exec 02/05/01; [MBA EOD 02/15/2001] (ORIGINAL GCMS ENTRY 29-1) (cnv) (Entered: 02/14/2001) |
| 02/20/2001 | 35 | MOTION To Withdraw ; [LRH EOD 02/21/2001] (ORIGINAL GCMS ENTRY 30-1) (cnv) (Entered: 02/20/2001) |
| 02/22/2001 | 36 | MINUTE ENTRY - Motion for Return of Property, Motion for Discovery & Inspection, Motion for Statement of Gov'ts Intention to Use Evidence, Motion to Suppress - Mtns argued by Gov't & DFT. Mtn for Ret of Prop - DENIED. Mtn to Suppress - DENIED. Mtn for Disc & Insp - WITHDRAWN. Mtn for Stmnt of Govt's Intention to Use Evidence - WITHDRAWN. DFT rem to t/cust of USMS; [LRH EOD 02/23/2001] (ORIGINAL GCMS ENTRY 31-1) (cnv) (Entered: 02/22/2001) |
| 02/26/2001 | 37 | ORDER - Jehan'Ad G. Martinez apptd to rep t/DFT nunc pro tunc to 11/07/00; [LRH EOD 02/26/2001] (ORIGINAL GCMS ENTRY 32-1) (cnv) (Entered: 02/26/2001) |
| 02/27/2001 | 38 | GOVERNMENT'S Req for Use of Ct's Equip & Ord; [LRH EOD 02/27/2001] (ORIGINAL GCMS ENTRY 33-1) (cnv) (Entered: 02/27/2001) |
| 02/28/2001 | 39 | ORDER - Gerald E. Gray, is hereby granted lv to withdraw as cnsl for DFT. Curtis Van de Veld is hereby apptd to rep t/DFT; [MBA EOD 02/28/2001] (ORIGINAL GCMS ENTRY 34-1) (cnv) (Entered: 02/28/2001) |
| 03/05/2001 | 40 | MOTION to Withdraw as Cnsl; [LRH EOD 03/05/2001] (ORIGINAL GCMS ENTRY 35-1) (cnv) (Entered: 03/05/2001) |
| 03/05/2001 | 41 | DECLARATION in Support of Mtn to Withdraw as Cnsl; [LRH EOD 03/05/2001] (ORIGINAL GCMS ENTRY 36-1) (cnv) (Entered: 03/05/2001) |
| 03/06/2001 | 42 | ORDER Approving Withdrawal & Appt of Cnsl - William C. Bischoff appt to rep t/DFT; [LRH EOD 03/06/2001] (ORIGINAL GCMS ENTRY 37-1) (cnv) (Entered: 03/06/2001) |
| 03/07/2001 | 43 | MOTION to Cont Trial Date; Ord - Trial cont to 04/09/01 - 9:30 a.m.; [LRH EOD 03/07/2001] (ORIGINAL GCMS ENTRY 38-1) (cnv) (Entered: 03/07/2001) |
| 03/14/2001 | 44 | MOTION to Withdraw as Cnsl; Ord - Jehan'ad G. Martinez apptd to rep t/DFT; [LRH EOD 03/14/2001] (ORIGINAL GCMS ENTRY 39-1) (cnv) (Entered: 03/14/2001) |
| 04/02/2001 | 45 | UNITED States' Proposed Voir Dire Questions; [LRH EOD 04/03/2001] (ORIGINAL |

| | | GCMS ENTRY 40-1) (cnv) (Entered: 04/02/2001) |
|---|---|---|
| 04/02/2001 | 46 | UNITED States' Proposed Jry Instructions; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 41-1) (cnv) (Entered: 04/02/2001) |
| 04/02/2001 | 47 | UNITED States' Exh List; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 42-1) (cnv) (Entered: 04/02/2001) |
| 04/02/2001 | 48 | WITNESS List; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 43-1) (cnv) (Entered: 04/02/2001) |
| 04/02/2001 | 49 | UNITED States' Proposed Verdict Form; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 44-1) (cnv) (Entered: 04/02/2001) |
| 04/03/2001 | 50 | ORDER - P/T conf set for 04/05/01 - 1:30 p.m.; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 45-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 51 | GOVERNMENT'S In Limine Mtn to Resolve Before Trial Certain Issues Re to Tape Recordings, Its Translations, & Transc of Recordings; & Proposed Ord; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 46-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 52 | DEFENDANT'S Proposed Jry Instructions; Cert of Svcs; [LRH EOD 04/03/2001] (ORIGINAL GCMS ENTRY 47-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 53 | DEFENDANT'S Exh List; Cert of Svcs; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 48-1) (cnv) (Entered: 04/03/2001) |
| 04/03/2001 | 54 | AMENDED DFT's Exhs List; Cert of Svcs; [MBA EOD 04/03/2001] (ORIGINAL GCMS ENTRY 49-1) (cnv) (Entered: 04/03/2001) |
| 04/04/2001 | 55 | UNITED States' Mtn to Rel GJ Transc; [LRH EOD 04/04/2001] (ORIGINAL GCMS ENTRY 50-1) (cnv) (Entered: 04/04/2001) |
| 04/04/2001 | 56 | ORDER Rel GJ Transc; [LRH EOD 04/04/2001] (ORIGINAL GCMS ENTRY 51-1) (cnv) (Entered: 04/04/2001) |
| 04/04/2001 | 57 | GOVERNMENT'S Req for use of Crt's Equip; & Ord; [LRH EOD 04/04/2001] (ORIGINAL GCMS ENTRY 52-1) (cnv) (Entered: 04/04/2001) |
| 04/05/2001 | 58 | MINUTE ENTRY - Pretrial Conference - Ct & cnsl go over possibilities of stips. Opening stmts - 40 mins. ea side/2 alt jurors/2 alt jurors to be identified; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 53-1) (cnv) (Entered: 04/05/2001) |
| 04/06/2001 | 59 | DEFENDANT'S Proposed Transcriptions of t/Govt's Exh Nos. 1, 3, 5, 7, 9, 11, 13 & 74; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 54-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 60 | UNITED States Subm Jencks Materials; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 55-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 61 | AMENDED Witness List; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 56-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 62 | UNITED States' Amd Exh List; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 57-1) (cnv) (Entered: 04/06/2001) |
| 04/06/2001 | 63 | ORDER TO SHOW CAUSE - Def cnsl is ORD to show cause why he should not be sanctioned or held in contempt for failing to abide by this Ct's 04/05/01 ord. A hrg on OSC shall be held 04/09/01 at 8:00 a.m.; [MBA EOD 04/06/2001] (ORIGINAL GCMS ENTRY 58-1) (cnv) (Entered: 04/06/2001) |
| 04/09/2001 | 64 | MINUTE ENTRY - Order to Show Cause - Crt gives Mr. Austin an oral warning P/T cont'd to 04/24/01 - 3:00 p.m. Deft remanded to t/cust of USMS; [MBA EOD 04/09/2001] (ORIGINAL GCMS ENTRY 59-1) (cnv) (Entered: 04/09/2001) |

| 04/09/2001 | 65 | MINUTE ENTRY - Jury Trial, 1st Day - Jury voir dire begins. Jurors admonished. Trial cont'd to 04/25/01 - 10:00 a.m. Deft remanded to t/cust of USMS; [MBA EOD 04/09/2001] (ORIGINAL GCMS ENTRY 60-1) (cnv) (Entered: 04/09/2001) |
| --- | --- | --- |
| 04/09/2001 | 66 | TRANSCRIPT Ord; [LRH EOD 04/10/2001] (ORIGINAL GCMS ENTRY 61-1) (cnv) (Entered: 04/09/2001) |
| 04/10/2001 | 67 | ORDER - P/T Conf mvd to Fri, 04/20/01 - 1:00 p.m.; [LRH EOD 04/10/2001] (ORIGINAL GCMS ENTRY 62-1) (cnv) (Entered: 04/10/2001) |
| 04/16/2001 | 68 | REPORTER'S Transc of t/fol: (orig only) 1. Ord To Show Cause Hrg, dtd Mon., 04/9/01; [LRH EOD 04/17/2001] (ORIGINAL GCMS ENTRY 63-1) (cnv) (Entered: 04/16/2001) |
| 04/19/2001 | 69 | UNITED States' Subm of Addt'l Jencks Materials; [MBA EOD 04/19/2001] (ORIGINAL GCMS ENTRY 64-1) (cnv) (Entered: 04/19/2001) |
| 04/20/2001 | 70 | UNITED States' Suppl & Revised Exh; [LRH EOD 04/20/2001] (ORIGINAL GCMS ENTRY 65-1) (cnv) (Entered: 04/20/2001) |
| 04/20/2001 | 71 | MINUTE ENTRY - Pre-Trial Conference - Govt anticipates 4 days of trial. Interp to be made avail. Trial to resume on 04/25/01 - 10:00 a.m.; [LRH EOD 04/20/2001] (ORIGINAL GCMS ENTRY 66-1) (cnv) (Entered: 04/20/2001) |
| 04/24/2001 | 72 | UNITED States' Subm of Addtl Jencks Material; [LRH EOD 04/24/2001] (ORIGINAL GCMS ENTRY 67-1) (cnv) (Entered: 04/24/2001) |
| 04/24/2001 | 73 | UNITED States' Amd Exh List; [LRH EOD 04/25/2001] (ORIGINAL GCMS ENTRY 68-1) (cnv) (Entered: 04/24/2001) |
| 04/25/2001 | 74 | STIPULATION & Ord Regarding Prior Felony Conviction; [LRH EOD 04/25/2001] (ORIGINAL GCMS ENTRY 69-1) (cnv) (Entered: 04/25/2001) |
| 04/25/2001 | 75 | STIPULATION & Ord Regarding Adm of Evid; [LRH EOD 04/25/2001] (ORIGINAL GCMS ENTRY 70-1) (cnv) (Entered: 04/25/2001) |
| 04/25/2001 | 76 | MINUTE ENTRY - Jury Trial, 2nd Day - Jury impanelled & sworn. Jurors excused & instruc to rpt 04/26/01 - 9:30 a.m. Deft rem to cust of USMS; [MBA EOD 04/30/2001] (ORIGINAL GCMS ENTRY 71-1) (cnv) (Entered: 04/25/2001) |
| 04/26/2001 | 77 | MINUTE ENTRY - Jury Trial 3rd Day. Prelim instructions given. Witnesses and exhibits admitted. Jurors admonished and instructed to return 4/30/01 at 9 a.m. Deft. remanded to custody.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 71a-1) (cnv) (Entered: 04/26/2001) |
| 04/30/2001 | 78 | MINUTE ENTRY - Jury Trial Day 4. Witnesses and exhibits admitted. Trial contd to 5/1/01 at 9 a.m. Deft. remanded.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 71b-1) (cnv) (Entered: 04/30/2001) |
| 05/01/2001 | 79 | ORDER to Rel Info re Req to Rel P/T Svcs Rpt & Drug Testing Form; [LRH EOD 05/01/2001] (ORIGINAL GCMS ENTRY 72-1) (cnv) (Entered: 05/01/2001) |
| 05/01/2001 | 80 | MINUTE ENTRY - Jury Trial Day 5. Witnesses sworn and examined. Exhibits marked and admitted. Trial contd. to 5/2/01 at 9:00 a.m. Deft. remanded.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 72a-1) (cnv) (Entered: 05/01/2001) |
| 05/02/2001 | 81 | MOTION in Limine; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 73-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 82 | MOTION in Limine; Amd Cert of Svc; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 74-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 83 | PROPOSED Instruction; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 75-1) (cnv) (Entered: 05/02/2001) |

| 05/02/2001 | 84 | UNITED States' Amd Proposed Verdict Form; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 76-1) (cnv) (Entered: 05/02/2001) |
|---|---|---|
| 05/02/2001 | 85 | DEFENDANT'S Proposed Jury Instructions; Oppo to Various Govt Instructions; Cert of Svc; [LRH EOD 05/02/2001] (ORIGINAL GCMS ENTRY 77-1) (cnv) (Entered: 05/02/2001) |
| 05/02/2001 | 86 | MINUTE ENTRY - Jury Trial Day 6. Witness sworn and examined. Exhibits marked and admitted. Trial contd. to 5/3/01 at 10AM. Deft. remanded.; [PTC EOD 05/03/2001] (ORIGINAL GCMS ENTRY 78-1) (cnv) (Entered: 05/02/2001) |
| 05/03/2001 | 87 | JURY Instructions as Given by t/Crt; [LRH EOD 05/04/2001] (ORIGINAL GCMS ENTRY 79-1) (cnv) (Entered: 05/03/2001) |
| 05/03/2001 | 88 | MINUTE ENTRY - Jury Trial Day 7 - Mtn for judgt of acquittal - Denied. Cs contd to 05/04/01 - 9:00 a.m. Jury retires to deliberate at 3:37 p.m. Jury deliberation contd to 05/04/01 - Jury will be polled. Deft rem to cust ; [LRH EOD 05/04/2001] (ORIGINAL GCMS ENTRY 80-1) (cnv) (Entered: 05/03/2001) |
| 05/03/2001 | 89 | JUROR'S Notes; [LRH EOD 05/04/2001] (ORIGINAL GCMS ENTRY 81-1) (cnv) (Entered: 05/03/2001) |
| 05/04/2001 | 90 | MINUTE ENTRY - Jury Trial (re Jury Question) - Ernesto Peredo explains to Crt & cnsl what happened during phone call recd. Mr. E. Peredo excused. Pilar Concepcion brought in room & questioned re conversation w/ E. Peredo. Pilar Concepcion excused. 10:05 a.m. - 10:24 a.m. recess; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 82-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 91 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 83-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 92 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 84-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 93 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 85-1) (cnv) (Entered: 05/04/2001) |
| 05/04/2001 | 94 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 86-1) (cnv) (Entered: 05/04/2001) |
| 05/07/2001 | 95 | JUROR'S Notes; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 87-1) (cnv) (Entered: 05/07/2001) |
| 05/07/2001 | 96 | VERDICT; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 88-1) (cnv) (Entered: 05/07/2001) |
| 05/07/2001 | 97 | MINUTE ENTRY - Jury Trial Day 8 - Jry returns at 2:30 p.m. - Deft Guilty on cts 1-6; Jry polled. Deft rem to cust. Case contd to 08/23/01 - 1:30 p.m. for sent; PSR due 07/20/01.; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 89-1) (cnv) (Entered: 05/07/2001) |
| 05/08/2001 | 98 | ABSTRACT of Ord for USPO; [LRH EOD 05/08/2001] (ORIGINAL GCMS ENTRY 90-1) (cnv) (Entered: 05/08/2001) |
| 08/02/2001 | 99 | DEFENDANT'S Resp to PSI Rpt; [LRH EOD 08/03/2001] (ORIGINAL GCMS ENTRY 91-1) (cnv) (Entered: 08/02/2001) |
| 08/07/2001 | 100 | ORDER - Sent mvd to Thurs., 08/30/01 - 1:30 p.m.; [LRH EOD 08/17/2001] (ORIGINAL GCMS ENTRY 91A-1) (cnv) (Entered: 08/07/2001) |
| 08/09/2001 | 101 | ORDER - Sent mvd to Thurs., 08/30/01 - 1:30 p.m.; [LRH EOD 08/09/2001] (ORIGINAL GCMS ENTRY 92-1) (cnv) (Entered: 08/09/2001) |
| 08/10/2001 | 102 | GOVERNMENT'S Resp to Draft PSI Rpt; [LRH EOD 08/10/2001] (ORIGINAL |

| | | GCMS ENTRY 93-1) (cnv) (Entered: 08/10/2001) |
|---|---|---|
| 08/10/2001 | 103 | GOVERNMENT'S Resp to Deft's Obj to PSI Rpt; [LRH EOD 08/10/2001] (ORIGINAL GCMS ENTRY 94-1) (cnv) (Entered: 08/10/2001) |
| 08/22/2001 | 104 | ORDER - due to the scheduling needs of the court, the 08/30/01 sentencing hrg is hereby moved to 9/6/01 at 4 p.m.; Filed by: GOVPTF U.S.A. [LRH EOD 08/22/2001] (ORIGINAL GCMS ENTRY 95-1) (cnv) (Entered: 08/22/2001) |
| 08/28/2001 | 105 | DEFENDANT'S Resp to Addendum to PSR; [MBA EOD 08/28/2001] (ORIGINAL GCMS ENTRY 96-1) (cnv) (Entered: 08/28/2001) |
| 09/06/2001 | 106 | DEFENDANT'S Supp Sent Brief; [LRH EOD 09/07/2001] (ORIGINAL GCMS ENTRY 97-1) (cnv) (Entered: 09/06/2001) |
| 09/07/2001 | 107 | STIPULATION to Cont Sent Hrg; & Ord - Sent contd to 09/13/01 - 4:00 p.m.; [LRH EOD 09/07/2001] (ORIGINAL GCMS ENTRY 98-1) (cnv) (Entered: 09/07/2001) |
| 09/11/2001 | 108 | GOVERNMENT'S Resp to Deft's Supplmtl Sent Brf; [MBA EOD 09/11/2001] (ORIGINAL GCMS ENTRY 99-1) (cnv) (Entered: 09/11/2001) |
| 09/13/2001 | 109 | ORDER - Sent mvd to 09/14/01 - 9:00 a.m.; [WMT EOD 09/13/2001] (ORIGINAL GCMS ENTRY 100-1) (cnv) (Entered: 09/13/2001) |
| 09/17/2001 | 110 | ORDER - Sent moved to 10/09/01 - 1:30 p.m. Cnsl shall file, NLT 09/24/01, further brfng on t/implications of recent 9th Cir decision. Resp brfds may be submitted NLT 10/01/01; [MBA EOD 09/17/2001] (ORIGINAL GCMS ENTRY 101-1) (cnv) (Entered: 09/17/2001) |
| 09/20/2001 | 111 | GOERNMENT'S Addt'l Resp to Deft's Supplmtl Sent Brf; [MBA EOD 09/20/2001] (ORIGINAL GCMS ENTRY 102-1) (cnv) (Entered: 09/20/2001) |
| 09/24/2001 | 112 | DEFENDANT'S Addt'l Sent Brf re Apprendi & Buckland Iss; [MBA EOD 09/24/2001] (ORIGINAL GCMS ENTRY 103-1) (cnv) (Entered: 09/24/2001) |
| 10/09/2001 | 113 | STIPULATION & Ord re Sent - DENIED; [MBA EOD 10/10/2001] (ORIGINAL GCMS ENTRY 104-1) (cnv) (Entered: 10/09/2001) |
| 10/09/2001 | 114 | MINUTE ENTRY - Sentencing - Deft sent to 365 mos. impris to run concurrent to Cts 1 thru 6; Ct 1 - 5 yrs, Ct 2 - 5 yrs, Ct 3 - 5 yrs, Ct 4 - 1 yr, Ct 5 - 3 yrs, Ct 6 - 3 yrs suprvd rel (to run concurrent); 400 hrs. community svcs; $600.00 SA; fine waived. Deft ord rem for immediate incarceration; [MBA EOD 10/15/2001] (ORIGINAL GCMS ENTRY 104A-1) (cnv) (Entered: 10/09/2001) |
| 10/12/2001 | 115 | MOTION for Withdrawal as Cnsl - Jehan'Ad Martinez withdraw as cnsl for deft. Rawlen M. Mantanona apptd to rep t/deft for appl purposes; [MBA EOD 10/15/2001] (ORIGINAL GCMS ENTRY 105-1) (cnv) (Entered: 10/12/2001) |
| 10/19/2001 | 116 | NOTICE of Mtn; [MBA EOD 10/19/2001] (ORIGINAL GCMS ENTRY 106-1) (cnv) (Entered: 10/19/2001) |
| 10/19/2001 | 117 | MOTION to Withdraw as Cnsl for Deft on Appl - Sandra Lynch apptd to rep t/deft; [MBA EOD 10/19/2001] (ORIGINAL GCMS ENTRY 106-2) (cnv) (Entered: 10/19/2001) |
| 10/22/2001 | 118 | JUDGMENT in a Cr Cs; [MBA EOD 10/22/2001] (ORIGINAL GCMS ENTRY 107-1) (cnv) (Entered: 10/22/2001) |
| 11/07/2001 | 119 | NOTICE of Appeal; Filed by: DFT Dela Pena, Isagani P., Jr. [PTC EOD 11/08/2001] (ORIGINAL GCMS ENTRY 108-1) (cnv) (Entered: 11/07/2001) |
| 11/19/2001 | 120 | NOTICE of Lien for Fine and/or Restit; [MBA EOD 11/19/2001] (ORIGINAL GCMS ENTRY 109-1) (cnv) (Entered: 11/19/2001) |

| 11/28/2001 | 121 | TRANSCRIPT Ord; [MBA EOD 11/28/2001] (ORIGINAL GCMS ENTRY 110-1) (cnv) (Entered: 11/28/2001) |
|---|---|---|
| 12/03/2001 | 122 | MOTION to Extend Time for Flg Not of Appl; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 111-1) (cnv) (Entered: 12/03/2001) |
| 12/03/2001 | 123 | DECLARATION of Cnsl in Supt of Mtn to Extend Time for Flg of Not of Appl; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 112-1) (cnv) (Entered: 12/03/2001) |
| 12/03/2001 | 124 | AFFIDAVIT of Noel V. Leon Guerrero; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 113-1) (cnv) (Entered: 12/03/2001) |
| 12/03/2001 | 125 | AFFIDAVIT of Jay Anderson; [MBA EOD 12/03/2001] (ORIGINAL GCMS ENTRY 114-1) (cnv) (Entered: 12/03/2001) |
| 12/10/2001 | 126 | ORDER - Deft's Mtn to Extend Time for Flg Ntc of Appeal fld on 12/3/01. Deft Appealed his conviction & sent to t/Ninth Circuit of Appeals. Crt must Dism t/deft's mtn at this time on t/basis that this crt lacks jurisdiction over t/matter; [WMT EOD 12/10/2001] (ORIGINAL GCMS ENTRY 115-1) (cnv) (Entered: 12/10/2001) |
| 02/11/2002 | 127 | ORDER from t/Crt of Appeals - CA#01-10671 - Cs is rem to t/Dist Crt, pursuant to circuit crt policy, for t/ltd purpose of permitting t/dist crt to provide appellant ntc & an opportunity to req that t/time for flg t/ntc of appeal be extended for a period not to exceed 40 days from t/entry of t/appealable judgt or ord based on a showing of excusable neglect; [RMM EOD 02/12/2002] (ORIGINAL GCMS ENTRY 116-1) (cnv) (Entered: 02/11/2002) |
| 02/14/2002 | 128 | ORDER - This matter is before t/Crt on a mandate from 9th Cir Ct rem t/case back in ord to provide t/deft not & an opportunity to reqt that t/time for flg t/not of appl be extended for a period not to exceed 40 days frm the entry of t/appl judgt based on a showing of excusable neglect. Accordingly, t/deft shall file such a reqt NLT 02/21/02. T/Govt shall file a resp to t/reqt NLT 02/22/02. Thereafter, t/Crt will issue its findings w/o further hrg; [MBA EOD 02/14/2002] (ORIGINAL GCMS ENTRY 117-1) (cnv) (Entered: 02/14/2002) |
| 02/14/2002 | 129 | REPORTER'S Transc of t/fol: (orig + 1 cpy) 1. Mtns., dtd Thurs., 02/22/01 2. OSC, dtd Mon., 04/09/01 3. Trial - Jury Selection, dtd Mon., 04/09/01 & 04/25/01 - Vol 1 4. Trial, dtd 04/26/01 - Vol 2 5. Trial, dtd 04/30/01 - Vol 3; [MBA EOD 02/14/2002] (ORIGINAL GCMS ENTRY 118-1) (cnv) (Entered: 02/14/2002) |
| 02/20/2002 | 130 | MOTION to Extend time for Filing Not of Appl; [MBA EOD 02/21/2002] (ORIGINAL GCMS ENTRY 119-1) (cnv) (Entered: 02/20/2002) |
| 02/22/2002 | 131 | GOVERNMENT'S Oppo to Deft's Mtn to Ext Time for Flg Not of Appl; [MBA EOD 02/22/2002] (ORIGINAL GCMS ENTRY 120-1) (cnv) (Entered: 02/22/2002) |
| 02/25/2002 | 132 | REPLY to Oppo to Mtn to Ext Time for Flg of Ntc of Appl; [MBA EOD 02/25/2002] (ORIGINAL GCMS ENTRY 121-1) (cnv) (Entered: 02/25/2002) |
| 02/28/2002 | 133 | ORDER - T/Crt finds t/existence of excusable neglect for t/Deft's untimely Ntc of Appl. Accordingly, t/Deft's Mtn to Extend Time for Filing t/Ntc of Appl is hereby GRANTED; [MBA EOD 02/28/2002] (ORIGINAL GCMS ENTRY 122-1) (cnv) (Entered: 02/28/2002) |
| 03/29/2002 | 134 | REPORTER'S Transc(s) of t/fol: (orig + 1 cpy) 1. Trial Transcript, dtd Tues., 05/01/01 - Vol 4 2. Trial Transcript, dtd Wed., 05/02/01 - Vol 5 3. Trial Transcript, dtd Thurs., 05/03/01; Fri., 05/04/01; Mon, 05/07/01 4. Sent Hrg., Tues., 10/09/01; [MBA EOD 03/29/2002] (ORIGINAL GCMS ENTRY 123-1) (cnv) (Entered: 03/29/2002) |
| 07/23/2002 | 135 | ACKNOWLEGEMENT of Receipt of Exhs; [MBA EOD 07/23/2002] (ORIGINAL GCMS ENTRY 124-1) (cnv) (Entered: 07/23/2002) |
| 03/25/2003 | 136 | MANDATE fm 9th Cir Crt - AFFIRMED; [MBA EOD 03/25/2003] (ORIGINAL |

| | | GCMS ENTRY 125-1) (cnv) (Entered: 03/25/2003) |
|---|---|---|
| 11/21/2003 | 137 | TRANSCRIPT Ord; [MBA EOD 11/21/2003] (ORIGINAL GCMS ENTRY 126-1) (cnv) (Entered: 11/21/2003) |
| 01/23/2004 | 138 | MOTION Under 28 USC 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; [MBA EOD 01/23/2004] (ORIGINAL GCMS ENTRY 127-1) (cnv) (Entered: 01/23/2004) |
| 02/06/2004 | 139 | REPORTER'S Transc of t/fol: (orig only) 1. Opening & Closing Stmts, 04/26/01 & 05/03/01; [LRH EOD 02/08/2004] (ORIGINAL GCMS ENTRY 128-1) (cnv) (Entered: 02/06/2004) |
| 02/06/2004 | 140 | ORDER - t/Crt is in rcpt of Deft-Petr Isagani Dela Pena Jr's mtn for relief under 28 USC 2255. T/Govt shall have until 03/05/04, in which to file a resp to t/mtn. If a resp is recd, t/Petr shall have 30 days from receipt of t/ U.S. resp in which to file a reply. If t/Crt finds that a hrg is necessary on Petr 2255 mtn, a hrg date will be set at a later date.; [LRH EOD 02/08/2004] (ORIGINAL GCMS ENTRY 129-1) (cnv) (Entered: 02/06/2004) |
| 03/04/2004 | 141 | TRANSCRIPT - Order ; [RSN EOD 03/04/2004] (ORIGINAL GCMS ENTRY 130-1) (cnv) (Entered: 03/04/2004) |
| 03/05/2004 | 142 | UNITED States' Mtn for Extension of Time to File Response to Deft's Mtn to Vacate, Set Aside, or Correct Sent & Ord - U.S.A may have until 03/19/04 in which to file an answer to Deft-Petitioner's 2255 mtn; [MBA EOD 03/08/2004] (ORIGINAL GCMS ENTRY 131-1) (cnv) (Entered: 03/05/2004) |
| 03/12/2004 | 143 | MEMORANDUM of Law in Support of Mtn to Vacate, Set Aside, or Correct Sent Pursuant to 28 USC 2255; [MBA EOD 03/12/2004] (ORIGINAL GCMS ENTRY 132-1) (cnv) (Entered: 03/12/2004) |
| 03/23/2004 | 144 | UNITED States' Second Mtn for Extension of Time to File Response to Deft's Mtn to Vacate, Set Aside, or Correct Sent & Ord - U.S. may have until 04/12/04 to file an answer to Deft-Petitioner's 2255 mtn; [MBA EOD 03/24/2004] (ORIGINAL GCMS ENTRY 133-1) (cnv) (Entered: 03/23/2004) |
| 03/25/2004 | 145 | GOVERNMENT'S Response to Deft's Mtn to Vacate, Set Aside, or Correct Sent; [MBA EOD 03/25/2004] (ORIGINAL GCMS ENTRY 134-1) (cnv) (Entered: 03/25/2004) |
| 05/04/2004 | 146 | DEFENDANT'S Traverse to Government's Response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence; [MBA EOD 04/25/2005] (ORIGINAL GCMS ENTRY 135-1) (cnv) (Entered: 05/04/2004) |
| 07/07/2005 | 147 | ORDER re Motion to Vacate, Set Aside or Correct Sentenced by a Person in a Federal Custody pursuant to 28 USC 2255. After considering all the submissions, the Court DENIES defendant's motion in its entirety; [MBA EOD 07/07/2005] (ORIGINAL GCMS ENTRY 136-1) (cnv) (Entered: 07/07/2005) |
| 08/15/2005 | <u>148</u> | Notice of Appeal; Motion for Certificate of Appealability filed by Isagani P. Dela Pena, Jr. re [147] Order Denying 2255 Motion (mba, ) Modified on 8/16/2005 (rsn, ). (Entered: 08/16/2005) |
| 08/15/2005 | <u>149</u> | Certificate of Service as to Isagani P. Dela Pena, Jr. re <u>148</u> Notice of Appeal, Motion for Certificate of Appealability (mba, ) (Entered: 08/16/2005) |
| 03/23/2006 | <u>150</u> | Motion for Accelerated Adjudication of Motion for Certificate of Appealability re <u>148</u> Notice of Appeal; Motion for Certificate of Appealability by Isagani P. Dela Pena, JR. (lth, ) (Entered: 03/23/2006) |
| 03/28/2006 | <u>151</u> | Certificate of Service as to Isagani P. Dela Pena, Jr. re <u>150</u> Motion for Accelerated Adjudication of Motion for Certificate of Appealability (mba, ) (Entered: 03/28/2006) |

| | | |
|---|---|---|
| 03/31/2006 | 152 | Order denying 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability as to Isagani P. Dela Pena Jr (Related document: 148 Notice of Appeal). (1). Signed by Judge Robert M. Takasugi on 3/30/2006. (mba, ) **Modified on 3/31/2006 to add docket relationship** (mba, ). (Entered: 03/31/2006) |
| 03/31/2006 | 153 | Notice of Entry re 152 Order denying 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability (Related document: 148 Notice of Appeal). (mba, ) (Entered: 03/31/2006) |
| 04/04/2006 | 154 | Certificate of Service re 153 Notice of Entry, 152 Order denying 150 Motion for Accelerated Adjudication of Motion for Certificate of Appealability as to Isagani P. Dela Pena, Jr.. (Related document: 148 Notice of Appeal). (mba, ) (Entered: 04/04/2006) |
| 10/10/2006 | 155 | Order of USCA (certified copy) as to Isagani P. Dela Pena, Jr re 148 Notice of Appeal. The request for a certificate of appealability is denied.(mba, ) (Entered: 10/23/2006) |
| 10/23/2006 | 156 | Amended Order of USCA (certified copy) as to Isagani P. Dela Pena, Jr. (Related documents: 155 Order of USCA (certified copy), 148 Notice of Appeal).(mba, ) (Entered: 10/23/2006) |
| 10/23/2006 | | Ninth Circuit Court of Appeals amended their order to include the criminal case number as to Isagani P. Dela Pena, Jr. (mba, ) (Entered: 10/23/2006) |
| 10/24/2006 | | Court Certificate of Service as to Isagani P. Dela Pena, JR re 155 USCA Order, 156 Amended USCA Order - USAO acknowledged receipt on 10/24/2006. (mba, ) (Entered: 10/24/2006) |
| 10/24/2006 | 157 | Certificate of Service as to Isagani P. Dela Pena, JR re 155 USCA Order, 156 Amended USCA Order. (mba, ) (Entered: 10/24/2006) |
| 01/11/2007 | 158 | Certificate of Release of Lien filed by USA as to Isagani P. Dela Pena, Jr. (vtk, ) (Entered: 01/11/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 01/10/2008 03:02:31 | | |
| PACER Login: | us4090 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:00-cr-00126 |
| Billable Pages: | 10 | Cost: | 0.80 |

**CERTIFICATE OF SERVICE**

I, **ALEX SILVERIO**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California; at whose direction I served a copy of: **GOVERNMENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC § 2241; DECLARATION OF ERIC D. VANDEVELDE; EXHIBITS**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**ISAGANI DE LA PENA
REG. NO. 00944-093
FCI VICTORVILLE MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5300
ADELANTO, CA 92301**

This Certificate is executed on **JANUARY 16, 2008,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
**ALEX SILVERIO**

2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ISAGANI DE LA PENA,<br><br>               Petitioner,<br><br>     v.<br><br>S. A. HOLENCIK,<br><br>               Respondent. | No. CV 07-7150-R (AGR)<br><br>**ORDER RE: FILING OF OPPOSITION TO MOTION TO DISMISS** |

On January 16, 2008, respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus. Petitioner's Opposition to respondent's Motion to Dismiss was due by February 16, 2008. The Court believes that an Opposition may be of assistance in determining this matter. Therefore, it is **ordered** that petitioner file an Opposition **no later than April 7, 2008**. Petitioner is advised that failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. Local Rule 7-12.

Unless the Court orders otherwise, the matter will be deemed submitted on the day following the day petitioner's Opposition is due.

DATED: March 6, 2008

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

1 | Isagani Dela Pena, Jr.
2 | Reg. No. 00944-093
  | Propria Persona
  | FCI-Victorville I
3 | P.O. Box 5300
  | Adelanto, CA 92301

4

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 7 2008

CENTRAL DISTRICT OF CA
BY

5

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 | ISAGANI DE LA PENA,                )
   |                                    )     CASE NO.  CV 07-7150-R  (AGR)
11 |        Petitioner,                 )
   |                                    )     **TRAVERSE MOTION IN RESPONSE TO**
12 | v.                                 )     **GOVERNMENT'S MOTION TO DISMISS**
   |                                    )     **PETITION**
13 | S.A. HOLENCIK, Warden,             )
   |                                    )
14 |        Respondent.                 )
   |                                    )

15

16 | **COMES NOW**, the Petitioner, Isagani De La Pena, acting in

17 | propria persona, respectfully submits this Traverse Motion in

18 | Rebuttal to Government's Motion to Dismiss Petition, pursuant to

19 | all Federal Rules, Regulations and Procedures, including 28 U.S.C.

20 | § 2241.

21 |        This Motion is based upon the attached Memorandum of Points

22 | and Authorities.

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

## MEMORANDUM OF POINTS AND AUTHORITIES

The Petitioner is currently incarcerated at the Federal Correctional Institution-Victorville I in Adelanto, California which is in the Central District of California.

The Government contends that the § 2241 Petition filed by the Petitioner should be dismissed for lack of jurisdiction, in that the Petitioner challenges the validity of his convictions and sentence, not the manner in which his sentence is being executed.

The Petitioner contended that the execution of his sentence was illegal because he was improperly convicted of two lesser included offenses and that a competent effective counsel of record would have objected to any conviction on a lesser included offense.

The Government argues that the Petition must be dismissed because it attacks Petitioner's conviction and sentence and that § 2255 is the proper vehicle for such attacks.

The Government also argued that the Petitioner has not shown that a § 2255 "Savings Clause" applies.

## ARGUMENT

The proper vehicle for attacking the execution of sentence is 28 U.S.C. § 2241. [See **Grasso v. Norton**, 520 F.2d 27 (2d Cir. 1975); **Garafola v. Benson**, 505 F.2d 1212 (7th Cir. 1975)]. A writ of habeas corpus under the terms of that section, however, may be granted by district courts only "within their respective jurisdictions." [**Braden v. 30th Judicial Circuit Court**, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)], the most recent Supreme Court consideration of the jurisdictional requirements of § 2241(a),

_ 2 _

dispenses with the absolute requirement of **Ahrens v. Clark**, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), that the prisoner be located within the district court's jurisdiction. But **Braden** maintains the "minimum jurisdictional requisite of the presence of the custodian within the territorial confines of the district court." (**Lee** supra, 591 F.2d at 591). In this case, the Petitioner is in immediate custodian with the warden of the FCI-Victorville I, Adelanto, California.

The Petitioner's challenged the manner in which his sentence was executed by the illegality of a sentence in that, Count 2, distribution of methamphetamine [21 U.S.C. § 841(a)(1)], is a lesser included offense of Count 3, distribution of methamphetamine near a school [21 U.S.C. § 860]; and Count 5, possession of a firearm by a felon [18 U.S.C. § 922(g)(1)], is a lesser included offense of Count 6, possession of a firearm by an unlawful drug user [18 U.S.C. § 922(g)(3)]; in which, constituted ineffectiveness of counsel for failure to object to any conviction on a lesser included offense. The execution of the sentence is illegal and invalid. Result of this ineffectiveness of counsel is that the Petitioner has never had his "unobstructed procedural shot" at challenging the unconsitutional convictions for which he is "legally innocent."

The government has tried to construe the Petitioner's § 2241 Petition as a § 2255 and contends lack of jurisdiction. The Petitioner has stated the he is clearly "legally innocent" when it comes to the lesser offense. Under 28 U.S.C. § 2241, pursuant to the "savings clause," the Petitioner has the right to file a § 2241 Petition when he claims to be: [1] legally innocent of the

- 3 -

crime for which he has been convicted; and [2] has never had an "unobstructed procedural shot" at presenting this claim. [See **Lorenstsen v. Hood**, 223 F.3d 950, 954 (2000)]. In **U.S. v. Smith**, 285 F.3d 6, 8 (D.C. Cir. 2000), courts have allowed petitions to proceed under 28 U.S.C. § 2241 when the defendants have "been convicted on the basis of an incorrect understanding of the law, and that § 2255 relief is unavailable to him."

The government is requesting evidence to warrant any type of factual, actual, or legal innocence. If the possibility of relief under § 2255 is foreclosed, a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241. [See, e.g. **Wofford v. Scott**, 177 F.3d 1236 (11th Cir. 1999); **Inre Davenport**, 147 F.3d 605 (7th Cir. 1996); **Triestman v. U.S.**, 124 F.3d 361 (2d Cir. 1997); **In re Dorsainvil**, 119 F.3d 245 (3d Cir. 1997).]

In **Bousley v. U.S.**, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), the Supreme Court, explained that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." (Internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasoable juror" would have convicted him. [See **Dejan v. U.S.**, 208 F.3d 682, 686 (8th Cir. 2000)]. In making or rebutting this showing, the Petitioner has had an obstructed procedureal shot at presenting a claim of innocence, and is not just

- 4 -

1 mere legal insufficiency." (**Bousley**, 523 U.S. at 623, 118 S.Ct.

2 1604). Here, the fact that the Petitioner's convictions for two

3 (2) Counts (Counts II and III) constitute multiple punishments for

4 the same offense in violation of the Double Jeopardy Clause and

5 requires vacation of a conviction as to the lesser offense, in

6 which, is well settled law at this time and cannot be disputed.

7 [See **U.S. V. CABBACCANG**, 481 F.3d 1176, 1180 (9th Cir. 2007)].

8

9 **CONCLUSION**

10 For the reasons noted above, the Petition should be

11 GRANTED in its entirety under 28 U.S.C. § 2241 in which, this

12 Honorable Court has jurisdiction and DENY the government's Motion

13 to Dismiss.

14 The Petitioner also respectfully requests this Honorable

15 Court to allow/permit the Petitioner to submit another Rebuttal/

16 Traverse in rebuttal to the governments briefing on the merits of

17 Petitioner's claims, should the Court DENY the government's Motion

18 to Dismiss.

19 **RESPECTFULLY SUBMITTED** on this 20th day of February, 2008.

20

21

22 _Isagani Dela Pena_
    Isagani De La Pena/Petitioner

23 Propria Persona

24

25

26

27

28

# CERTIFICATE OF SERVICE

I, ___Isagani De La Pena___ hereby certify that I have served a true and correct copy of the following:

### TRAVERSE MOTION

Which is deemed filed at the time it was delivered to prison authorities for forwarding, **Houston v. Lack**, 101 L.Ed.2d 245 (1988), upon the defendant/ defendants and or his attorney/attorneys of record, by placing same in a sealed, postage prepaid envelope addressed to:

United States District Court          Eric D. Vandevelde
Central District of California        Assistant U.S. Attorney
Clerk of the Court                    U.S. Attorneys Office
312 N. Spring Street                  Central District of California
Los Angeles, CA 90012                 312 N. Spring Street
                                      Los Angeles, CA 90012

**and deposited same in the United States Mail** at the Federal Correctional Institution, Adelanto, California – FCI-Victorville I  Mail Room.

I declare, under penalty of perjury (Title 28 U.S.C. §1746), that the foregoing is true and correct.

Dated this __20th__ day of __February__, 20__08__.

_Isagani De La Pena_
Isagani De La Pena/Petitioner

Propria Persona