DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ISAGANI DELA PENA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 00-00126<br>Civil Case No. 08-00004<br><br>**ORDER RE: PETITION FOR<br>WRIT OF HABEAS CORPUS<br>PURSUANT TO 28 U.S.C. § 2241** |

This matter comes before the court on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("the Petition") filed by the Petitioner Isagani Dela Pena ("Petitioner"), upon a transfer from the District Court for the Central District of California. *See* Docket No. 159, Order Transferring Action to United States District Court for the District of Guam ("Transfer Order"). The Respondent United States has filed its response to the Petitioner's motion, and requests the court to dismiss the Petition. *See* Docket No. 161. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the record, the parties' submissions, as well as relevant statutes and authority, the court hereby **DISMISSES** the Petition and issues the following decision.

**I. BACKGROUND**

On May 7, 2005, a jury returned a verdict finding the Petitioner guilty of six counts charged in a superseding indictment, including, *inter alia*, conspiracy to distribute

---

[1] Local Civ. R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Page 1 of 7

methamphetamine hydrochloride, distribution of methamphetamine hydrochloride and two firearms possession charges.[2] *See* Docket No. 96, Verdict. On October 9, 2001, the Petitioner was sentenced to three hundred sixty-five (365) months imprisonment. *See* Docket No. 114. The judgment of conviction was entered on the docket on October 22, 2001. *See* Docket No. 118. The Petitioner filed an appeal with the Ninth Circuit on November, 2001. *See* Docket No. 119. On February, 26, 2003 the appellate court affirmed his conviction. *See United States v. Isagani P. Dela Peña, Jr.*, D.C. No. CR-00-00126 (9th Cir. Feb. 26, 2003). The Petitioner then filed a Motion pursuant to 28 U.S.C. § 2255 on January 23, 2004, requesting the court to vacate his conviction and sentence. *See,* Docket No. 138. On July 7, 2005, the motion was denied in its entirety. *See* Docket No. 147.

More than two years later, on October 31, 2007, the Petitioner filed the instant Petition in the District Court of the Central District of California ("the Central District"). *See* Docket No. 159, Petition . He raised two grounds: 1) that his convictions for both Count 2 and Count 3 violated double jeopardy because Count 2 is a lesser included offense of Count 3; and ) that his trial attorney was ineffective because he failed to raise the issue of double jeopardy. *See id.*, Petition. Furthermore, the Petitioner argued that, despite the denial of his initial § 2255 petition, he should be allowed to challenge his conviction and sentence pursuant to the "savings clause" or "escape hatch" of § 2255(e).[3] *See id.*, Petition. The Government filed a motion to dismiss the Petition, arguing that the Central District lacked jurisdiction because the Petitioner

---

[2] Specifically, the Petitioner was found guilty of: (Count 1) Conspiracy to Distribute Methamphetamine Hydrochloride in violation of 21 U.S.C. § 841(a)(1) and 846, (Count 2) Distribution of Methamphetamine Hydrochloride in violation of 21 U.S.C. § 841(a)(1), (Count 3) Distribution of Methamphetamine Hydrochloride Near a Playground in violation of 21 U.S.C. § 860, (Count 4) Unlawful Use of Communication Facility to Facilitate Drug Crime in violation of 21 U.S.C. § 843(b), (Count 5) Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1), (Count 6) Possession of a Firearm by an Unlawful Drug User in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). *See* Docket No. 88, Verdict.

[3] Although motions to contest validity of a sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court, the "savings clause" or "escape hatch" provision of § 2255(e) allows a federal prisoner to use § 2241 to challenge the legality of a sentence if the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."

challenged the validity of his conviction and sentence. The Government asserted that the matter should be raised in a § 2255 motion in the jurisdiction where the Petitioner was convicted and sentenced. *See* Docket No. 161, Government's Motion to Dismiss. The Government also argued that the savings clause of § 2255 did not apply. *See id.*, Government's Motion to Dismiss. The Petitioner filed a reply.

The Central District ultimately concluded the case should be transferred to the sentencing court, the District Court of Guam, "which has jurisdiction over Petitioner's claim." *See* Docket No. 159, Transfer Order.

## II. DISCUSSION

### A. THE TRANSFERRING COURT

This court acknowledges the thorough analysis conducted by the Central District in its Transfer Order. The Central District first addressed the issue of jurisdiction and found that the "Petitioner clearly challenges the legality of the sentence imposed." *See* Docket No. 159, Transfer Order. That court recognized the first step required determining whether the relief was sought pursuant to § 2255 or § 2241. *See* Docket No. 159, Transfer Order. The Central District articulated the general rule that challenges to the legality of a sentence are be filed under § 2255 in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution are brought under § 2241 in the custodial court. *See id.*, Transfer Order. It then analyzed whether the savings clause applied, and ultimately held that the Petitioner did not satisfy the requirements of the savings clause. *See* Docket No. 159, Transfer Order. In reaching this holding, the Central District applied the following test: that a federal prisoner could use § 2241 under the savings clause of § 2255 when the prisoner makes a claim of actual innocence and has not had an unobstructed procedural shot at presenting this claim. *See* Docket No. 159, Transfer Order (citing *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003)).

The Central District rejected the Petitioner's argument that he could not raise the double jeopardy argument in his § 2255 petition on January 23, 2004, because the law on the Petitioner's double jeopardy argument was well settled before his first petition was filed. *See id.* The court also rejected the Petitioner's contention that he was "legally innocent" because he

should not have been convicted of both Count 2 and Count 3. *See id.* The Central District made clear that under the savings clause, the prisoner must show he is "actually innocent" and the Petitioner argued only legal insufficiency. *See id.* For these reasons, the Central District transferred the case to this court.

### B. THE SENTENCING COURT

This court finds that the reasoning of the Central District in the Transfer Order was in accord with *Hernandez v. Campbell*, 204 F.3d 861 (9th Cir. 2000), where the Ninth Circuit held:

> [I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue. If [the] petition falls under the savings clause so as to be a petition pursuant to § 2241, then only the [custodial court] has jurisdiction. If the savings clause does not come into play, however, then [the] petition must be construed as a petition under § 2255, such that jurisdiction lies only in the [sentencing court].

*Id.* at 865. Nonetheless, this court will also conduct its review of the case.

As the sentencing court, this court must "address the initial jurisdictional question" and "is obligated to determine whether a petition falls under § 2241, pursuant to the savings clause, or under § 2255." *Id.* at 866.

#### 1. Savings clause

The Ninth Circuit stated: "We have held that a motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted)). After considering each ground, the court finds the Petitioner cannot meet either prong.

First, the Petitioner cannot meet the prong of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States,* 523 U.S. 614 (1998): "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 623. In short, actual innocence requires that "the trier of the facts would have entertained a reasonable doubt of his guilt."

*Kuhlmann v. Wilson*, 477 U.S. 436, 454 n.17 (1986) (quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970)).

However, the Petitioner does not make a claim of actual innocence; he asserts that he "is clearly 'legally innocent.'" Docket No. 159. He does not argue that the trier of fact would have entertained a reasonable doubt of his guilt. Rather, he makes the following legal argument: that Count 2 is a lesser included offense of Count 3, and thus the convictions for both charges violate his rights against double jeopardy. *See* Docket No. 159, Petition. Because the Petitioner makes an argument of "mere legal insufficiency" and not "factual innocence," he cannot meet the first prong of the savings clause criteria.

Second, the Petitioner "had an unobstructed procedural shot" at making the claim of the double jeopardy violation when he filed his § 2255 petition on January 23, 2004. The Ninth Circuit ruled on this issue in 2000, holding in *United States v. Kakatin*, 214 F.3d 1049 (9th Cir. 2000), that: "We agree with Defendant, as does the government, that § 841(a) is a lesser-included offense of the crime described in § 860." *Kakatin* was decided four years *before* the Petitioner filed his § 2255 petition. Petitioner could (and should) have raised this double jeopardy argument at that time. Indeed, the Petitioner himself cites *Kakatin* in the memorandum in support of his § 2241 petition. *See* Docket No. 159. Because the Petitioner had an "unobstructed procedural shot" at presenting his claim on double jeopardy, he cannot meet the second prong of the savings clause criteria.

In light of the foregoing analysis, and as previously concluded by the Central District, the instant petition fails to meet the savings clause criteria. Therefore, because "the savings clause does not come into play . . . then [the] petition must be construed as a petition under § 2255." *Hernandez*, 204 F.3d at 866.

**2. The § 2255 Petition**

The Government asserts that the instant petition should be summarily denied because it is a "second or successive" § 2255 petition, and the Petitioner failed to obtain prior certification from the Ninth Circuit, as required by the Antiterrorism and Effective Death Penalty Act

("AEDPA"). *See* Docket No. 161. "Whether a habeas application is deemed second or successive can be critical because '[the] AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.'" *United States v. Lopez*, 534 F.3d 1027, 1033 (9th Cir. 2008) (quoting *Cooper v. Calderon*, 274 F.3d 1270, 1272-73 (9th Cir. 2001) (per curiam) (internal quotation marks omitted)). The AEDPA provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). In turn, § 2255 provides:

> (h) A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

It cannot be disputed here that the legality of the Petitioner's detention "has been determined by a judge or court of the United States." This court denied his § 2255 Petition on July 7, 2005. *See* Docket No. 147. Therefore, the instant petition is clearly a "second or successive" one.

Furthermore, nothing in the record demonstrates that the Petitioner sought certification from a Ninth Circuit panel of judges that there is newly discovered evidence or a new rule of constitutional law made retroactive as set forth in § 2255(h). Finally, nothing in the record reveals that certification. if indeed sought by the Petitioner, had been granted by the Ninth Circuit. In fact, the Petitioner himself does not claim that he sought or received such certification.

### III. CONCLUSION

Because the Petitioner did not obtain the requisite certification from the Ninth Circuit to bring this successive petition, this court is without jurisdiction to rule on his petition. *See Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam) (holding that the district court lacked jurisdiction to consider a second or successive application because the petitioner did not first obtain authorization as required by the AEDPA).

Accordingly, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody is hereby **DISMISSED.**

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: May 21, 2009**