DISTRICT COURT OF GUAM

| | |
|---|---|
| ISAGANI DELA PENA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal Case No. 00-00126<br>Civil Case No. 08-00004<br><br>**ORDER RE: REQUEST FOR<br>CERTIFICATE OF APPEALABILITY** |

This matter comes before the court on a Request for Certificate of Appealability filed by the Petitioner Isagani Dela Pena ("Petitioner") on November 16, 2010. *See* Docket No. 169. He seeks to appeal this court's Order re: Motion for Reconsideration filed on September 9, 2010. After reviewing the record and relevant statutes and authority, the court hereby **DENIES** the request.

**I. BACKGROUND**

The Petitioner was convicted after a jury trial on May 7, 2005.[1] *See* Docket No. 96. He was sentenced on October 9, 2001 to three hundred sixty-five (365) months imprisonment. *See* Docket No. 114. The judgment of conviction was entered on the docket on October 22, 2001.

---

[1] The Petitioner was found guilty of: (Count 1) Conspiracy to Distribute Methamphetamine Hydrochloride in violation of 21 U.S.C. § 841(a)(1) and 846, (Count 2) Distribution of Methamphetamine Hydrochloride in violation of 21 U.S.C. § 841(a)(1), (Count 3) Distribution of Methamphetamine Hydrochloride Near a Playground in violation of 21 U.S.C. § 860, (Count 4) Unlawful Use of Communication Facility to Facilitate Drug Crime in violation of 21 U.S.C. § 843(b), (Count 5) Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1), (Count 6) Possession of a Firearm by an Unlawful Drug User in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). *See* Docket No. 88, Verdict.

1  *See* Docket No. 118.  The Petitioner filed an appeal with the Ninth Circuit on November, 2001.

2  *See* Docket No. 119.  On February, 26, 2003 the appellate court affirmed his conviction.  *See*

3  *United States v. Isagani P. Dela Peña*, *Jr.*, D.C. No. CR-00-00126 (9th Cir. Feb. 26, 2003).  The

4  Petitioner then filed a Motion pursuant to 28 U.S.C. § 2255 on January 23, 2004, requesting the

5  court to vacate his conviction and sentence.  *See,* Docket No. 138.  On July 7, 2005, the motion

6  was denied in its entirety.  *See* Docket No. 147.

7  On October 31, 2007, the Petitioner filed a Petition for Writ of Habeas Corpus Pursuant

8  to 28 U.S.C. § 2241 by a Person in Federal Custody in the District Court of the Central District

9  of California ("the Central District").  *See* Docket No. 159, Petition .  The Central District

10  ultimately concluded the case should be transferred to the sentencing court, the District Court of

11  Guam.  *See* Docket No. 159, Transfer Order.  This court interpreted the § 2241 petition as a

12  motion brought under § 2255, and dismissed for lack of jurisdiction, finding that the Petitioner

13  did not obtain the certification from the Ninth Circuit to bring a second or successive § 2255

14  petition.  *See* Docket No. 163.

15  On March 2, 2010, the Petitioner filed a Motion for Reconsideration, requesting the court

16  to reopen and reconsider the July 7, 2005 Order that denied his § 2255 motion (Docket No. 147).

17  *See* Docket No. 165.  This court denied the motion on September 9, 2010.  *See* Docket No. 167.

18  The Petitioner now seeks to appeal this court's denial of his Motion for Reconsideration,

19  and requests the court issue a certificate of appealability ("COA").  *See* Docket No. 169.

20  **II.    DISCUSSION**

21  The court may issue a COA "only if the applicant has a made a substantial showing of the

22  denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As stated by the United States

23  Supreme Court:

24  To obtain a COA under § 2253(c), a habeas prisoner must make a substantial
    showing of the denial of a constitutional right, a demonstration that . . . includes
25  showing that reasonable jurists could debate whether (or, for that matter, agree
    that) the petition should have been resolved in a different manner or that the
26  issues presented were "'adequate to deserve encouragement to proceed further.'"

27  *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893

28  n.4 (1983)).  Although his arguments are not entirely clear, the Petitioner apparently contends

1    that he was denied a constitutional right when this court did not grant motion to reopen and

2    reconsider the July 7, 2005 Order denying him relief under § 2255. *See* Docket No. 165.

3         Federal Civil Procedure Rule 60(b)(6) does not set a time limitation for when a motion

4    for reconsideration must be filed; rather, the rule states only that such motion "must be made

5    within a reasonable time." Fed. R. Civ. P. R. 60(b)(6). The Petitioner primarily argues that

6    because the federal rule does not define "a reasonable time," then reasonable jurists could debate

7    whether reconsideration should have been granted. *See* Docket No. 167.

8         In denying reconsideration, this court recognized the Ninth Circuit has announced that

9    Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and

10   is to be utilized only where extraordinary circumstances prevented a party from taking timely

11   action to prevent or correct an erroneous judgment.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th

12   Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.

13   2006)).

14        The Petitioner now argues that the "extraordinary circumstances" language of Rule

15   60(b)(6) requires the court to presuppose that he had made a knowing and deliberate choice to

16   "sandbag on" the issue. *See* Docket No. 169. He argues that this court did not consider the

17   reasons for the delay when it denied his motion for reconsideration and that as a pro se litigant,

18   his pleadings should have been construed liberally. He also contends that in his case, "a 5 year

19   gap" in filing a motion for reconsideration was "warranted." *See id.*

20        The court agrees that there has not been any bright line definition of "reasonable

21   circumstances" under Rule 60(b)(6), and that courts are instructed to look at the facts of each

22   case. *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir.1985). The facts of the case at bar

23   reveal that the Petitioner had not been prevented from taking action after his § 2255 petition had

24   been denied. *See* Docket No. 159. There was no "extraordinary circumstance" other than his

25   lack of knowledge; the Petitioner admits that he became aware of the issue in August 2009

26   during a § 2255 instruction class. *See* Docket No. 167. This situation does not warrant use of

27   Rule 60(b)(6), in light of the Ninth Circuit's admonition that Rule 60(b)(6) is to be "used

28   sparingly." *Latshaw*, 452 F.3d at 1103.

1   The court finds that the Petitioner's request for a certificate of appealability does not

2   satisfy the requirements of 28 U.S.C. § 2253(c)(2), which requires that he make a "substantial

3   showing of the denial of a constitutional right."  Accordingly, the court concludes that the

4   Petitioner has not satisfied  28 U.S.C. § 2253(c)(2), and **HEREBY DENIES** the request for a

5   certificate of appealability.

6        **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Jan 25, 2011**